# EXHIBITS

42878                    SERVICE DATE – JANUARY 24, 2013

DO

FR-4915-01-P

DEPARTMENT OF TRANSPORTATION

Surface Transportation Board

[Docket No. AB 6 (Sub-No. 486X)]

BNSF Railway Company—Abandonment Exemption—in Fulton County, Ill.

BNSF Railway Company (BNSF) has filed a verified notice of exemption under 49 C.F.R. pt. 1152 subpart F–Exempt Abandonments to abandon 14.5 miles of rail line between milepost 52.2 in Farmington and milepost 66.7 in Dunfermline, in Fulton County, Ill.  The line traverses United States Postal Service Zip Codes 61524 and 61531.

BNSF has certified that:  (1) no local traffic has moved over the line for at least two years; (2) there is no overhead traffic on the line; (3) no formal complaint filed by a user of rail service on the line (or by a state or local government entity acting on behalf of such user) regarding cessation of service over the line either is pending with the Surface Transportation Board (Board) or with any U.S. District Court or has been decided in favor of complainant within the two-year period; and (4) the requirements at 49 C.F.R. § 1105.7(c) (environmental report), 49 C.F.R. § 1105.11 (transmittal letter), 49 C.F.R. § 1105.12 (newspaper publication), and 49 C.F.R. § 1152.50(d)(1) (notice to governmental agencies) have been met.

As a condition to this exemption, any employee adversely affected by the abandonment shall be protected under Oregon Short Line Railroad—Abandonment Portion Goshen Branch Between Firth & Ammon, in Bingham & Bonneville Counties,

STB000001

Docket No. AB 6 (Sub-No. 486X)

Idaho, 360 I.C.C. 91 (1979).  To address whether this condition adequately protects

affected employees, a petition for partial revocation under 49 U.S.C. § 10502(d) must be

filed.

Provided no formal expression of intent to file an offer of financial assistance

(OFA) has been received, this exemption will be effective on February 23, 2013, unless

stayed pending reconsideration.  Petitions to stay that do not involve environmental

issues,[1] formal expressions of intent to file an OFA under 49 C.F.R. § 1152.27(c)(2),[2] and

trail use/rail banking requests under 49 C.F.R. § 1152.29 must be filed by February 4,

2013.  Petitions to reopen or requests for public use conditions under 49 C.F.R. § 1152.28

must be filed by February 13, 2013, with the Surface Transportation Board, 395 E Street,

S.W., Washington, DC  20423-0001.

A copy of any petition filed with the Board should be sent to BNSF's

representative:  Karl Morell, Suite 225, 655 15th St., N.W., Washington, DC  20005.

If the verified notice contains false or misleading information, the exemption is

void ab initio.

---

[1]  The Board will grant a stay if an informed decision on environmental issues
(whether raised by a party or by the Board's Office of Environmental Analysis (OEA) in
its independent investigation) cannot be made before the exemption's effective date.  See
Exemption of Out-of-Serv. Rail Lines, 5 I.C.C. 2d 377 (1989).  Any request for a stay
should be filed as soon as possible so that the Board may take appropriate action before
the exemption's effective date.

[2]  Each OFA must be accompanied by the filing fee, which is currently set at
$1,600.  See 49 C.F.R. § 1002.2(f)(25).

2

STB000002

Docket No. AB 6 (Sub-No. 486X)

BNSF has filed a combined environmental and historic report that addresses the effects, if any, of the abandonment on the environment and historic resources.  OEA will issue an environmental assessment (EA) by January 29, 2013.  Interested persons may obtain a copy of the EA by writing to OEA (Room 1100, Surface Transportation Board, Washington, DC  20423-0001) or by calling OEA at (202) 245-0305.  Assistance for the hearing impaired is available through the Federal Information Relay Service at (800) 877-8339.  Comments on environmental and historic preservation matters must be filed within 15 days after the EA becomes available to the public.

Environmental, historic preservation, public use, or trail use/rail banking conditions will be imposed, where appropriate, in a subsequent decision.

Pursuant to the provisions of 49 C.F.R. § 1152.29(e)(2), BNSF shall file a notice of consummation with the Board to signify that it has exercised the authority granted and fully abandoned the line.  If consummation has not been effected by BNSF's filing of a notice of consummation by January 24, 2014, and there are no legal or regulatory barriers to consummation, the authority to abandon will automatically expire.

Board decisions and notices are available on our website at "WWW.STB.DOT.GOV."

Decided:  January 17, 2013.

By the Board, Rachel D. Campbell, Director, Office of Proceedings.

STB000003

43121                          SERVICE DATE – MAY 24, 2013
DO

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

Docket No. AB 6 (Sub-No. 486X)

BNSF RAILWAY COMPANY—ABANDONMENT
EXEMPTION—IN FULTON COUNTY, ILL.

Decided:  May 24, 2013

In this decision, the Board is reopening the proceeding to terminate the Offer of Financial
Assistance (OFA) process, issue a notice of interim trail use or abandonment (NITU) under the
National Trails System Act (Trails Act), 16 U.S.C. § 1247(d) and 49 C.F.R. § 1152.29, and
impose a public use condition under 49 U.S.C. § 10905.

BNSF Railway Company (BNSF) filed a verified notice of exemption under 49 C.F.R.
pt. 1152 subpart F—Exempt Abandonments to abandon 14.5 miles of rail line between milepost
52.2 in Farmington and milepost 66.7 in Dunfermline, in Fulton County, Ill.  Notice of the
exemption was served and published in the Federal Register on January 24, 2013 (78 Fed.
Reg. 5,244).  The exemption was scheduled to become effective on February 23, 2013, unless it
was stayed by the Board or unless a formal expression of intent to file an offer of financial
assistance (OFA) under 49 U.S.C. § 10904 and 49 C.F.R. § 1152.27(c)(2) was filed.

On February 4, 2013, Hitchcock Scrap Yard, Inc. (HSY) timely filed a formal expression
of intent to file an OFA to purchase all or a portion of the line, which had the effect of
automatically staying the effective date of the exemption until March 5, 2013.[1]  In its filing, HSY
requested that BNSF provide HSY with certain information and documentation set forth in
49 C.F.R. § 1152.27(a).  HSY also requested that the 30-day time period for filing an OFA be
tolled for an additional 30 days to allow HSY an adequate opportunity to review and analyze the
information requested from BNSF and submit its OFA.

By decision served March 4, 2013, HSY's extension request was granted, the deadline for
HSY to file its OFA was extended to March 25, 2013, and the effective date of the exemption
was extended to April 4, 2013.  The Board's March 4 decision also imposed an historic
preservation condition recommended by the Board's Office of Environmental Analysis.
Additionally, the decision addressed a request by the Canton Park District of Canton, Ill. (Canton
Park) for the issuance of a NITU and for a public use condition to permit Canton Park to
negotiate with BNSF for acquisition of the right-of-way for use as a trail.  The Board found that
Canton Park had satisfied the requirements for issuance of a NITU and the imposition of a public

_____

[1]  See 49 C.F.R. § 1152.27(c)(2)(i).

Docket No. AB 6 (Sub-No. 486X)

use condition, but stated that the issuance and effectiveness of the NITU and public use condition would be held in abeyance until completion of the OFA process, which took precedence.

On March 5, 2013, BNSF requested an additional 30 days to develop the information requested by HSY and asked that the Board direct HSY to identify the specific portion of the line it wished to purchase.  By decision served on March 22, 2013, the Board granted BNSF's request and directed HSY to notify BNSF by April 1, 2013, of the specific line segment it sought to purchase.[2]

On April 19, 2013, BNSF filed a copy of a letter to HSY detailing the net liquidation value (NLV) of the OFA segment and including a summary of the real estate appraisal performed by Colliers International.  BNSF indicated that it would forward to HSY the full appraisal report once BNSF received such information.

On May 7, 2013, HSY filed a letter requesting that the Board further toll the period for it to submit an OFA to May 17, 2013.[3]  According to HSY, BNSF submitted additional information to it on April 26, 2013, but this new information raised some additional questions. HSY, however, asserted that it still intended to submit an OFA.  On May 14, 2013, BNSF replied to HSY's request and confirmed that it did not object to an extension so long as no additional extensions were granted.[4]  By decision served on May 15, 2013, HSY's extension request was granted and the OFA filing deadline was extended to May 17, 2013.

No OFA was filed by the May 17, 2013 deadline.  Therefore, the OFA process has now terminated and the abandonment exemption will become effective as scheduled on May 27, 2013.

Because this decision terminates the OFA process and the Board has already determined that Canton Park has satisfied the requirements for a NITU and for public use, a NITU will now be issued and a public use condition will be imposed, and both will commence on the May 27, 2013 effective date of the exemption.

---

[2]  By letter filed on April 1, 2013, HSY informed the Board that it had advised BSNF of its intent to file an OFA for the segment of the line between approximately milepost 63.17 (in Canton, Ill.) and the end of the abandonment at milepost 66.7 (in or near Dunfermline, Ill.) (the OFA segment).

[3]  HSY initially submitted its request on May 3 but did not indicate then that it had been served on BNSF.  HSY renewed its request on May 7, stating that it had been served on all parties.

[4]  In its filing, BNSF also indicated that it was willing to consider selling the line outside of the OFA process, provided that HSY is willing to pay the NLV.

2

STB000013

As conditioned, this decision will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1.   This proceeding is reopened.

2.   The OFA process is terminated.

3.   The abandonment exemption will become effective on May 27, 2013, subject to the historic preservation condition previously imposed in this proceeding, and further subject to the conditions that:  (1) BNSF is prohibited from disposing of the corridor, including the removal or destruction of potential trail-related structures such as bridges, trestles, culverts and tunnels, for a 180-day period from May 27, 2013, to November 23, 2013, to enable any state or local government agency or other interested person to negotiate the acquisition of the line for public use; and (2) BNSF must comply with the interim trail use/rail banking procedures set forth below.

4.   If an interim trail use/rail banking agreement is reached, it must require the trail sponsor to assume, for the term of the agreement, full responsibility for:  (i) managing the right-of-way; (ii) any legal liability arising out of the transfer or use of the right-of-way (unless the sponsor is immune from liability, in which case it need only indemnify the railroad against any potential liability); and (iii) the payment of any and all taxes that may be levied or assessed against the right-of-way.

5.   Interim trail use/rail banking is subject to possible future reconstruction and reactivation of the right-of-way for rail service and to the trail sponsor's continuing to meet its responsibilities for the right-of-way described in ordering paragraph 4 above.

6.   If an interim trail use agreement is reached (and thus, interim trail use is established), the parties shall jointly notify the Board within 10 days that an agreement has been reached. 49 C.F.R. § 1152.29(d)(2) and (h).

7.   If interim trail use is implemented, and subsequently the trail sponsor intends to terminate trail use on all or any portion of the right-of-way covered by the interim trail use agreement, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

8.   If an agreement for interim trail use/rail banking is reached by November 23, 2013, interim trail use may be implemented.  If no agreement is reached, BNSF may fully abandon the

STB000014

Docket No. AB 6 (Sub-No. 486X)

line, subject to the conditions imposed in this proceeding.  If an interim trail use/rail banking agreement is executed before November 23, 2013, the public use condition will expire to the extent the interim trail use/rail banking agreement covers the same line.

By the Board, Rachel D. Campbell, Director, Office of Proceedings.

4

STB000015



# Canton Park District

250 South Avenue D
Canton, Illinois 61520-1698
309/ 647-1345      Fax: 309/ 647-2463

235084

November 15, 2013

ENTERED
Office of Proceedings
November 15, 2013
Part of the Public
Record

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, S.W.
Washington, DC 20423-0001

Re: BNSF Railway Company Abandonment in Fulton County, Illinois, STB Docket No. AB 6
(Sub-No. 486X)

Dear Ms. Brown:

This request is filed on behalf of the Canton Park District, which is a unit of local government in
the State of Illinois. The Canton Park District petitions the Surface Transportation Board
("Board") to extend the time period for negotiation of a mutually acceptable interim trail
use/railbanking agreement in this proceeding up to and including May 22, 2014.

The Canton Park District has been negotiating with BNSF, but the parties need additional time to
continue and complete negotiations.

To successfully preserve this corridor for interim trail use and railbanking, it is necessary for the
negotiation period under NITU to be extended up to and including May 22, 2014. Thank you for
your consideration on this matter.

Respectfully Submitted,

Jon E. Johnson, MPA, CPRP
On Behalf of the Canton Park District

cc:   Karl Morell, Ball Janik, LLB
      Tyler White, BNSF Railway Company

# FILING FEE WAIVED

**COMMISSIONERS**

Dr. William A. Buckley · Marion M. Kuzniar · Kevin A. Stephenson · Susan L. Walters · Brent C. Wheeler

Director: Jon E. Johnson · Supt. of Parks: Matt W. Murphy · Facility Manager: Billie J. McKenzie · Legal Counsel: Claudon, Kost, Beal, Walters & Lane, Ltd.

1

STB000022

235095



655 Fifteenth Street, NW, Suite 225
Washington, DC 20005

balljanik.com

t 202.638.3307
f 202.783.6947

ENTERED
Office of Proceedings
November 20, 2013
Part of the Public Record

November 19, 2013

Karl Morell
Of Counsel
kmorell@balljanik.com

E-Filed

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, SW
Washington, DC 20423

Re:  Docket No. AB 6 (Sub-No. 486X), BNSF Railway Company --
Abandonment Exemption -- in Fulton County, IL

Dear Ms. Brown:

This is in response to the request dated November 15, 2013, by the
Canton Park District, for an extension of the Notice of Interim Trail
Use ("NITU"), issued by the Surface Transportation Board ("Board")
in the above-referenced proceeding.

BNSF Railway Company ("BNSF") hereby notifies the Board that
BNSF does not object to the requested extension of the NITU.

If you have any questions, please call me.

Sincerely,

Karl Morell

Karl Morell
Of Counsel


cc: Jon E. Johnson, MPA, CPRP

1

STB000034



655 Fifteenth Street, NW, Suite 225
Washington, DC 20005
balljanik.com
t 202.638.3307
f 202.783.6947

ENTERED
Office of Proceedings
January 24, 2013
Part of
Public Record

January 24, 2013

Karl Morell
Of Counsel
kmorell@balljanik.com

E-Filed

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, SW
Washington, DC 20423

Re:   Docket No. AB 6 (Sub-No. 486X), BNSF Railway Company --
      Abandonment Exemption -- in Fulton County, IL

Dear Ms. Brown:

This is in response to the request filed January 22, 2013, by the
Canton Park District, for issuance of a Notice of Interim Trail Use
("NITU"), under the National Trails System Act, 16 U.S.C. §
1247(d), for the rail line located between Milepost 52.2, in
Farmington, and Milepost 66.7, in Dunfermline, in Fulton County,
IL.

BNSF Railway Company ("BNSF") hereby notifies the Surface
Transportation Board that BNSF does not object to the issuance of
the requested NITU.

If you have any questions, please call me.

Sincerely,

Karl Morell
Of Counsel

cc: Jon E. Johnson, MPA, CPRP

1

STB000037



# Canton Park District

250 South Avenue D
Canton, Illinois 61520-1698
309/ 647-1345          Fax:  309/ 647-2463

January 23, 2013

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, S.W.
Washington, DC 20423-0001

*233714*



Re. BNSF Railway Company Abandonment in Fulton County, Illinois, STB Docket No. AB 6
(Sub-No 486X)

Dear Ms  Brown·

Attached for filing are the original and ten (10) copies of a Request for Public Use Condition and
Request for Interim Trail Use by the Canton Park District in the captioned case. Also, it is my
understanding that the filing fee of $250.00 is waived for units of local government under Title
49, Part 1002, §1002.2(c)(1)

Please time and date stamp the extra copy and return the same to my office in the self-addressed
stamped envelope.

Please contact me should you have any questions or concerns

Sincerely,

Jon E. Johnson, MPA, CPRP
Executive Director
Canton Park District

**FILING FEE WAIVEL**

COMMISSIONERS
Dr William R Buckley    Marion M Kuznior    Kevin R Stephenson · Susan L Walters    Brent C Wheeler

Director Jon E Johnson   Supt of Parks, Matt W Murphy   Facility Manager Billie J McKenzie   Legal Counsel Claudon, Kost, Beal, Walters & Lane, Ltd



# Canton Park District

250 South Avenue D
Canton, Illinois 61520-1698
309/ 647-1345       Fax  309/ 647-2463

January 23, 2013

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street. S.W
Washington. DC 20423-0001

Re  BNSF Railway Company Abandonment in Fulton County, Illinois. STB Docket No  AB 6
(Sub-No. 48'6X )

Dear Ms. Brown:

This request is filed on behalf of the Canton Park District, which is a unit of local government in
the State of Illinois, interested in transportation, natural resources and recreation, hereinafter
referred to as "proponent."

Proponent requests issuance of a Public Use Condition as well as an Interim Trail Use Condition
rather than an outright abandonment authorization between Milepost 52 2 near Farmington and
Milepost 66.7 near Dunfermline, Fulton County, Illinois

## A. Request For Public Use Condition

Proponent asks the STB to find that this property is suitable for other public use, specifically trail
use, and to place the following conditions on the abandonment.

1. An order prohibiting the carrier from disposing of the corridor, other than the tracks. ties and
signal equipment, except for public use on reasonable terms. Justification for this condition is.
The rail corridor in question will connect planned and existing trails with public parks, schools,
residential areas, and commercial areas through three communities. The corridor would make an
excellent recreational trail and conversion of the property to trail use is in accordance with
existing plans. In addition, the corridor provides important wildlife habitat and open space and its
preservation as a recreational trail is consistent with those purposes. The time period sought is
180 days from the effective date of the abandonment authorization. Proponent needs this much
time to assemble or to review title information. complete a trail plan, and begin negotiations with
the carrier

COMMISSIONERS
Dr William R Buckley · Marlon M Kuznior   Kevin R Stephenson · Susan L Walters   Brent C Wheeler

Director Jon E Johnson · Supt of Parks Matt W Murphy  Facility Manager Billie J McKenzie  Legal Counsel Claudon, Host Beal, Walters & Lane, Ltd

STB000042

2. An order barring removal or destruction of potential trail-related structures such as bridges, trestles, culverts and tunnels. The justification for this condition is that these structures have considerable value for recreational trail purposes. The time period requested is 180 days from the effective date of the abandonment authorization for the same reason as indicated above.

**B. Request For Interim Trail Use**

The railroad right-of-way in this proceeding is suitable for railbanking. In addition to the public use conditions sought above, proponent also makes the following request:

STATEMENT OF WILLINGNESS TO ASSUME FINANCIAL RESPOSIBILITY

In order to establish interim trail use and railbanking under section 8(d) of the National Trails System Act. 16 U.S.C. §1247(d), and 49 C.F.R. §1152.29. the Canton Park District is willing to assume full responsibility for management of. for any legal liability arising out of the transfer or use of. and for the payment of any and all taxes that may be levied or assessed against the right-of-way owned by BNSF Railway Company.

The property, known as the BNSF Railway extends from Railroad Milepost 52.2 near Farmington, IL to Railroad Milepost 66.7 near Dunfermline, IL; a distance of 14.50 miles in Fulton County, Illinois. The right-of-way is part of a line of railroad proposed for abandonment in STB Docket No. AB 6 (Sub-No. 480X)

A map depicting the right-of-way is attached

Canton Park District acknowledges that use of the right-of-way is subject to the user's continuing to meet its responsibilities described above and subject to possible future reconstruction and reactivation of the right-of-way for rail service.

By my signature below. I certify service upon BNSF Railway Company, by U.S. Mail, postage prepaid. first class, this 23rd day of January, 2013.


Respectfully Submitted,

*Jon E. Johnson*

Jon E. Johnson, MPA, CPRP
On Behalf of the Canton Park District


2

STB000044

EXHIBIT B



STB000045



| | **John A. Sims, CP** | **BNSF Railway Company** |
|---|---|---|
| | Paralegal | 2500 Lou Menk Drive – AOB-3 |
| | Law Department | Fort Worth, Texas 76131-2828 |
| | | tel  817-352-2376 |
| | | fax  817-352-2397 |
| | | Email - john.sims@bnsf.com |

September 13, 2012

City of Dunfermline
City Hall
709 Center Street
Dunfermline, IL  61524

**Re:  *STB Docket No. AB 6 (Sub-No. 486X); BNSF Railway Company –
Abandonment Exemption – in Fulton County, Illinois***

BNSF Railway Company ("BNSF") anticipates filing in about 60 days a Notice of
Exemption seeking Surface Transportation Board ("STB") authority in the above-
referenced docket to abandon 14.5 miles of rail line in Fulton County, Illinois, between
Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline.

As part of the environmental report, BNSF is required to contact you to determine if the
proposed abandonment is consistent with existing land use plans.  If applicable, please
describe any inconsistencies.

Your assessment and comments are respectfully requested.  For your reference a map
of the subject railroad line is enclosed.  Please provide your response to me at the
address above, if at all possible, by October 26, 2012.  You may contact me by email or
phone with any questions or concerns.  Thank you in advance for your time and
contribution.

Sincerely,

John A. Sims, CP
Paralegal


Enclosure as stated

cc via email:    Tyler White – BNSF – tyler.white2@bnsf.com
                Karl Morell – Ball Janik LLP – kmorell@bjllp.com
                Mark Norton – BNSF – mark.norton@bnsf.com
                Mike Yuen – BNSF – michael.yuen@bnsf.com



| | John A. Sims, CP | BNSF Railway Company |
| --- | --- | --- |
| | Paralegal | 2500 Lou Menk Drive – AOB-3 |
| | Law Department | Fort Worth, Texas 76131-2828 |

tel 817-352-2376
fax 817-352-2397

Email - john.sims@bnsf.com

September 13, 2012

City of Farmington
City Hall
322 E Fort St
Farmington, IL 61531

**Re: *STB Docket No. AB 6 (Sub-No. 486X); BNSF Railway Company –
Abandonment Exemption – in Fulton County, Illinois***

BNSF Railway Company ("BNSF") anticipates filing in about 60 days a Notice of
Exemption seeking Surface Transportation Board ("STB") authority in the above-
referenced docket to abandon 14.5 miles of rail line in Fulton County, Illinois, between
Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline.

As part of the environmental report, BNSF is required to contact you to determine if the
proposed abandonment is consistent with existing land use plans. If applicable, please
describe any inconsistencies.

Your assessment and comments are respectfully requested. For your reference a map
of the subject railroad line is enclosed. Please provide your response to me at the
address above, if at all possible, by October 26, 2012. You may contact me by email or
phone with any questions or concerns. Thank you in advance for your time and
contribution.

Sincerely,

John A. Sims, CP
Paralegal

Enclosure as stated

cc via email:  Tyler White – BNSF – tyler.white2@bnsf.com
Karl Morell – Ball Janik LLP – kmorell@bjllp.com
Mark Norton – BNSF – mark.norton@bnsf.com
Mike Yuen – BNSF – michael.yuen@bnsf.com

STB000047



**John A. Sims, CP**
*Paralegal*
*Law Department*

**BNSF Railway Company**
2500 Lou Menk Drive – AOB-3
Fort Worth, Texas 76131-2828
tel  817-352-2376
fax  817-352-2397
Email - john.sims@bnsf.com

September 13, 2012

Fulton County
Office of Planning and Zoning
700 E. Oak Street
Canton, Illinois  61520

*Re:*  *STB Docket No. AB 6 (Sub-No. 486X); BNSF Railway Company –*
*Abandonment Exemption – in Fulton County, Illinois*

BNSF Railway Company ("BNSF") anticipates filing in about 60 days a Notice of
Exemption seeking Surface Transportation Board ("STB") authority in the above-
referenced docket to abandon 14.5 miles of rail line in Fulton County, Illinois, between
Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline.

As part of the environmental report, BNSF is required to contact you to determine if the
proposed abandonment is consistent with existing land use plans.  If applicable, please
describe any inconsistencies.

Your assessment and comments are respectfully requested.  For your reference a map
of the subject railroad line is enclosed.  Please provide your response to me at the
address above, if at all possible, by October 26, 2012.  You may contact me by email or
phone with any questions or concerns.  Thank you in advance for your time and
contribution.

Sincerely,

John A. Sims, CP
Paralegal

Enclosure as stated

cc via email:   Tyler White – BNSF – tyler.white2@bnsf.com
                Karl Morell – Ball Janik LLP – kmorell@billp.com
                Mark Norton – BNSF – mark.norton@bnsf.com
                Mike Yuen – BNSF – michael.yuen@bnsf.com

STB000048

C

STB000049



**John A. Sims, CP**
*Paralegal*
*Law Department*

**BNSF Railway Company**
2500 Lou Menk Drive – AOB-3
Fort Worth, Texas 76131-2828
tel  817-352-2376
fax  817-352-2397
Email - john.sims@bnsf.com

September 13, 2012

U.S. Fish and Wildlife Service
Chicago Illinois Field Office
1250 South Grove, Suite 103
Barrington, Illinois  60010

**Re:  *STB Docket No. AB 6 (Sub-No. 486X); BNSF Railway Company – Abandonment Exemption – in Fulton County, Illinois***

BNSF Railway Company ("BNSF") anticipates filing in about 60 days a Notice of Exemption seeking Surface Transportation Board ("STB") authority in the above-referenced docket to abandon 14.5 miles of rail line in Fulton County, Illinois, between Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline.

As part of the requisite environmental report, BNSF needs to know: 1) whether or not there are any endangered or threatened species, wildlife sanctuaries or refuges, or areas designated as critical habitat adjacent to or near the line, and 2) if so, what effects the proposed action may have on same.

For your reference I have enclosed a map of the subject railroad line.  Following is information on BNSF's salvage process as it relates to this project that should also be of use:

> The proposed abandonment will include the removal of the rails, ties and bridges; however, the railroad right of way, ballast and culverts will remain in place.

> The salvage process begins with the unbolting of the track materials or rails. With the use of specialized machinery placed on the railroad right of way, the rails and related steel (angle bars, tie plates, spikes, switches and any other metal parts) are removed. Next the wooden ties are raised from among the ballast with a tool designed for minimum disruption of ground material.  The ties are separated into three groups as follows:  (1) good quality ties that will be re-used in rail service, (2) landscape-quality ties that will be re-sold to lumber dealers for landscaping, and (3) scrap ties.  Scrap ties are loaded into railcars and shipped by BNSF to an EPA-approved disposal site.

> The culverts and right of way will remain intact so as not to alter the prevailing waterflows along the line.  In addition, BNSF salvage contractors are required to limit their activities to the width of the right of way and **not** to place fills or other material in water bodies, including inland waterways.  When the salvage process is complete, waterflows in the area should not be disrupted.

Finally, road crossings are removed and remediated, then repaved with gravel, asphalt or concrete, as required by governing authority. Any signals are also dismantled and removed.

BNSF salvage work for abandonments is always performed by experienced rail material salvagers and is generally bid on the open market. Each salvage contract includes detailed information on any environmental or historical conditions recommended by the Office of Environmental Analysis and imposed by the Surface Transportation Board in their final decision. Completed work is independently inspected by a BNSF roadmaster (or equal representative) to ensure compliance with BNSF standards of quality and all contractual obligations, including STB-imposed conditions, if applicable.

Please provide your assessment and comments to me at the address above, if at all possible, by October 26, 2012. You may contact me by email or phone with any questions or concerns.

Thank you in advance for your time and contribution.

Sincerely,

John A. Sims, CP
Paralegal

Enclosure as stated

cc via email:   Tyler White – BNSF – tyler.white2@bnsf.com
Karl Morell – Ball Janik LLP – kmorell@bjllp.com
Mark Norton – BNSF – mark.norton@bnsf.com
Mike Yuen – BNSF – michael.yuen@bnsf.com

STB000051

F



RAILWAY

John A. Sims, CP
Paralegal
Law Department

**BNSF Railway Company**
2500 Lou Menk Drive – AOB-3
Fort Worth, Texas 76131-2828

tel  817-352-2376
fax 817-352-2397

Email – john.sims@bnsf.com

September 13, 2012

U.S. Department of the Interior
Bureau of Land Management
Northeastern States Field Office
626 E. Wisconsin Ave., Suite 200
Milwaukee, Wisconsin  53202-4617

**Re:  *STB Docket No. AB 6 (Sub-No. 486X); BNSF Railway Company –
Abandonment Exemption – in Fulton County, Illinois***

BNSF Railway Company ("BNSF") anticipates filing in about 60 days a Notice of
Exemption seeking Surface Transportation Board ("STB") authority in the above-
referenced docket to abandon 14.5 miles of rail line in Fulton County, Illinois, between
Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline.

As part of the requisite environmental report, BNSF needs to know: 1) whether or not
there are any endangered or threatened species, wildlife sanctuaries or refuges, or
areas designated as critical habitat adjacent to or near the line, and 2) if so, what effects
the proposed action may have on same.

For your reference I have enclosed a map of the subject railroad line.  Following is
information on BNSF's salvage process as it relates to this project that should also be of
use:

> The proposed abandonment will include the removal of the rails, ties and bridges;
> however, the railroad right of way, ballast and culverts will remain in place.

> The salvage process begins with the unbolting of the track materials or rails.
> With the use of specialized machinery placed on the railroad right of way, the
> rails and related steel (angle bars, tie plates, spikes, switches and any other
> metal parts) are removed.  Next the wooden ties are raised from among the
> ballast with a tool designed for minimum disruption of ground material.  The ties
> are separated into three groups as follows:  (1) good quality ties that will be re-
> used in rail service, (2) landscape-quality ties that will be re-sold to lumber
> dealers for landscaping and (3) scrap ties.  Scrap ties are loaded into railcars and
> shipped by BNSF to an EPA-approved disposal site.

> The culverts, ballast and right of way will remain intact so as not to alter the
> prevailing waterflows along the line.  In addition, BNSF salvage contractors are
> required to limit their activities to the width of the right of way and **not** to place
> fills or other material in water bodies, including inland waterways.  When the
> salvage process is complete, waterflows in the area should not be disrupted.

Finally, road crossings are removed and remediated, then repaved with gravel, asphalt or concrete, as required by governing authority.  Any signals are also dismantled and removed.

BNSF salvage work for abandonments is always performed by experienced rail material salvagers and is generally bid on the open market.  Each salvage contract includes detailed information on any environmental or historical conditions recommended by the Office of Environmental Analysis and imposed by the Surface Transportation Board in their final decision.  Completed work is independently inspected by a BNSF roadmaster (or equal representative) to ensure compliance with BNSF standards of quality and all contractual obligations, including STB-imposed conditions, if applicable.

Please provide your assessment and comments to me at the address above, if at all possible, by October 26, 2012.  You may contact me by email or phone with any questions or concerns.

Thank you in advance for your time and contribution.

Sincerely,

John A. Sims, CP
Paralegal


Enclosure as stated

cc via email:   Tyler White – BNSF – tyler.white2@bnsf.com
                Karl Morell – Ball Janik LLP – kmorell@bjllp.com
                Mark Norton – BNSF – mark.norton@bnsf.com
                Mike Yuen – BNSF - michael.yuen@bnsf.com

STB000054



| | |
|---|---|
| John A. Sims, CP | BNSF Railway Company |
| Paralegal | 2500 Lou Menk Drive – AOB-3 |
| Law Department | Fort Worth, Texas 76131-2828 |
| | tel 817-352-2376 |
| | fax 817-352-2397 |
| | Email - john.sims@bnsf.com |

September 13, 2012

Mr. Michael Reynolds, Regional Director
National Park Service
Midwest Region
601 Riverfront Drive
Omaha, NE 68102-4226

**Re:  STB Docket No. AB 6 (Sub-No. 486X); BNSF Railway Company –
Abandonment Exemption – in Fulton County, Illinois**

BNSF Railway Company ("BNSF") anticipates filing in about 60 days a Notice of
Exemption seeking Surface Transportation Board ("STB") authority in the above-
referenced docket to abandon 14.5 miles of rail line in Fulton County, Illinois, between
Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline.

As part of the requisite environmental report, BNSF needs to know: 1) whether or not
there are any wildlife sanctuaries or National or State parks or forests adjacent to or near
the line, and 2) if so, what effects the proposed action may have on same.

For your reference I have enclosed a map of the subject railroad line.  Following is
information on BNSF's salvage process as it relates to this project that should also be of
use:

> The proposed abandonment will include the removal of the rails, ties and bridges;
> however, the railroad right of way, ballast and culverts will remain in place.

> The salvage process begins with the unbolting of the track materials or rails.
> With the use of specialized machinery placed on the railroad right of way, the
> rails and related steel (angle bars, tie plates, spikes, switches and any other
> metal parts) are removed.  Next the wooden ties are raised from among the
> ballast with a tool designed for minimum disruption of ground material.  The ties
> are separated into three groups as follows:  (1) good quality ties that will be re-
> used in rail service, (2) landscape-quality ties that will be re-sold to lumber
> dealers for landscaping and (3) scrap ties.  Scrap ties are loaded into railcars and
> shipped by BNSF to an EPA-approved disposal site.

> The culverts, ballast and right of way will remain intact so as not to alter the
> prevailing waterflows along the line.  In addition, BNSF salvage contractors are
> required to limit their activities to the width of the right of way and **not** to place
> fills or other material in water bodies, including inland waterways.  When the
> salvage process is complete, waterflows in the area should not be disrupted.
> Finally, road crossings are removed and remediated, then repaved with gravel,
> asphalt or concrete, as required by governing authority.  Any signals are also
> dismantled and removed.

STB000055

BNSF salvage work for abandonments is always performed by experienced rail material salvagers and is generally bid on the open market. Each salvage contract includes detailed information on any environmental or historical conditions recommended by the Office of Environmental Analysis and imposed by the Surface Transportation Board in their final decision. Completed work is independently inspected by a BNSF roadmaster (or equal representative) to ensure compliance with BNSF standards of quality and all contractual obligations, including STB-imposed conditions, if applicable.

Please provide your assessment and comments to me at the address above, if at all possible, by October 26, 2012. You may contact me by email or phone with any questions or concerns.

Thank you in advance for your time and contribution.


Sincerely,

John A. Sims, CP
Paralegal


Enclosure as stated

cc via email:    Tyler White – BNSF –tyler.white2@bnsf.com
                 Karl Morell – Ball Janik LLP – kmorell@billp.com
                 Mark Norton – BNSF – mark.norton@bnsf.com
                 Mike Yuen – BNSF – michael.yuen@bnsf.com

STB000056

G

STB000057



RAILWAY

**John A. Sims, CP**
*Paralegal*
*Law Department*

**BNSF Railway Company**
2500 Lou Menk Drive – AOB-3
Fort Worth, Texas 76131-2828
tel  817-352-2376
fax  817-352-2397
Email  john.sims@bnsf.com

September 13, 2012

US EPA Region 5
Ralph Metcalfe Federal Building
77 West Jackson Blvd.
Chicago, IL  60604-3590

**Re:  *STB Docket No. AB 6 (Sub-No. 486X); BNSF Railway Company –
Abandonment Exemption – in Fulton County, Illinois***

BNSF Railway Company ("BNSF") anticipates filing in about 60 days a Notice of
Exemption seeking Surface Transportation Board ("STB") authority in the above-
referenced docket to abandon 14.5 miles of rail line in Fulton County, Illinois, between
Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline.

As part of the requisite environmental report, BNSF needs to know: 1) whether or not
this action will be consistent with Federal, State or local water quality standards, and 2)
whether or not Section 402 and/or National Pollutant Discharge Elimination System
("NPDES") permits are required for performance of the salvage activity described below.
Please note: **BNSF anticipates the proposed abandonment will not disturb more
than one (1) acre of land.**

For your reference I have enclosed a map of the subject railroad line.  Following is
information on BNSF's salvage process as it relates to this project that should also be of
use:

> The proposed abandonment will include the removal of the rails, ties and bridges;
> however, the railroad right of way, ballast and culverts will remain in place.

> The salvage process begins with the unbolting of the track materials or rails.
> With the use of specialized machinery placed on the railroad right of way, the
> rails and related steel (angle bars, tie plates, spikes, switches and any other
> metal parts) are removed.  Next the wooden ties are raised from among the
> ballast with a tool designed for minimum disruption of ground material.  The ties
> are separated into three groups as follows:  (1) good quality ties that will be re-
> used in rail service, (2) landscape-quality ties that will be re-sold to lumber
> dealers for landscaping and (3) scrap ties.  Scrap ties are loaded into railcars and
> shipped by BNSF to an EPA-approved disposal site.

> The culverts, ballast and right of way will remain intact so as not to alter the
> prevailing waterflows along the line.  In addition, BNSF salvage contractors are
> required to limit their activities to the width of the right of way and **not** to place
> fills or other material in water bodies, including inland waterways.  When the
> salvage process is complete, waterflows in the area should not be disrupted.

Finally, road crossings are removed and remediated, then repaved with gravel, asphalt or concrete, as required by governing authority.  Any signals are also dismantled and removed.

BNSF salvage work for abandonments is always performed by experienced rail material salvagers and is generally bid on the open market.  Each salvage contract includes detailed information on any environmental or historical conditions recommended by the Office of Environmental Analysis and imposed by the Surface Transportation Board in their final decision.  Completed work is independently inspected by a BNSF roadmaster (or equal representative) to ensure compliance with BNSF standards of quality and all contractual obligations, including STB-imposed conditions, if applicable.

Please provide your assessment and comments to me at the address above, if at all possible, by October 26, 2012.  You may contact me by email or phone with any questions or concerns.

Thank you in advance for your time and contribution.

Sincerely,

John A. Sims, CP
Paralegal


Enclosure as stated

cc via email:    Tyler White – BNSF – tyler.white2@bnsf.com
                 Karl Morell – Ball Janik LLP – kmorell@bjllp.com
                 Mark Norton – BNSF – mark.norton@bnsf.com
                 Mike Yuen – BNSF – michael.yuen@bnsf.com

STB000059

H

STB000060

52.81

10/12/2012

BNSF
RAILWAY

9

STB000061

10/12/2012

52.81



BNSF
RAILWAY

8

STB000062

10/12/2012

52.86

BNSF RAILWAY

6

STB000063



52.86

10/12/2012

STB000064

J

STB000065



**ball**
**janik** LLP

655 Fifteenth Street, NW, Suite 225
Washington, DC 20005

balljanik.com

t 202.638.3307
f 202.783.6947



January 4, 2013

Karl Morell
Of Counsel
kmorell@balljanik.com

BY HAND DELIVERY

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, SW
Washington, DC 20423

ENTERED
Office of Proceedings

JAN 04 2013

Part of
Public Record

Re:    Docket No. AB 6 (Sub-No. 486X), BNSF Railway Company --
       Abandonment Exemption -- In Fulton County, Illinois

Dear Ms. Brown:

Attached for filing are the original and ten copies of a Notice of
Exemption under 49 C.F.R. § 1152.50.  Also attached is a check
covering the $3,700 filing fee.

If you have any questions, please call me.

Sincerely,

*Karl Morell*

Karl Morell
Of Counsel

Enclosures

**FILED**

JAN 04 2013

**SURFACE
TRANSPORTATION BOARD**

**FEE RECEIVED**

JAN 04 2013

SURFACE
**TRANSPORTATION BOARD**

1

STB000066

# BEFORE THE
## SURFACE TRANSPORTATION BOARD

| | | |
|---|---|---|
| **BNSF RAILWAY COMPANY** | ) | |
| **ABANDONMENT EXEMPTION** | ) | **DOCKET NO. AB 6** |
| **IN FULTON COUNTY, ILLINOIS** | ) | **(SUB-NO. 486X)** |

## NOTICE OF EXEMPTION

ENTERED
Office of Proceedings

JAN 04 2013

Part of
Public Record

 RECEIVED

JAN 04 2013

SURFACE
TRANSPORTATION BOARD

FILED

JAN 04 2013

SURFACE
TRANSPORTATION BOARD

**BNSF RAILWAY COMPANY**
2650 Lou Menk Drive
P.O. Box 96157
Fort Worth, TX 76161-0057

**Tyler White**
Assistant General Attorney
BNSF Railway Company
2500 Lou Menk Drive, AOB-3
Fort Worth, Texas 76131-2828
(817) 352-2687

**Karl Morell**
Of Counsel
BALL JANIK LLP
Suite 225
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 638-3307

Dated: January 4, 2013

STB000067

**BEFORE THE**

**SURFACE TRANSPORTATION BOARD**

| | | |
|---|---|---|
| **BNSF RAILWAY COMPANY** | ) | |
| **ABANDONMENT EXEMPTION** | ) | **DOCKET NO. AB 6** |
| **IN FULTON COUNTY, ILLINOIS** | ) | **(SUB-NO. 486X)** |

**NOTICE OF EXEMPTION**

BNSF Railway Company ("**BNSF**") files this Verified Notice of Exemption pursuant to the class exemption at 49 C.F.R. § 1152.50 to abandon 14.5 miles of rail line located between Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline, Fulton County, Illinois (the "**Line**"). The Line contains the stations of Farmington, Dunfermline, Norris, and Canton.

1.  *Proposed consummation date.*

    The proposed consummation date is 50 days after the date of filing this Notice of Exemption.

2.  *Certification required by 49 C.F.R. § 1152.50(b).*

    The required certification is attached hereto as **Exhibit A**.

3.  *Information required by 49 C.F.R. § 1152.22(a)(1) through (4), (7) and (8) and (e)(4).*

    (a)  *General.*

(1)     *Exact name of applicant.*

BNSF Railway Company

(2)     *Whether applicant is a common carrier by railroad subject to 49 U.S.C. Subtitle IV, Chapter 105.*

BNSF is a common carrier by railroad subject to 49 U.S.C. Subtitle IV, Chapter 105.

(3)     *Relief sought.*

BNSF seeks to use the class exemption at 49 C.F.R. § 1152.50 to abandon 14.5 miles of rail line located between Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline, Fulton County, Illinois.  There has been no local or overhead freight rail traffic on the Line since 2003.

(4)     *Map.*

A map of the Line is attached as **Exhibit B**.

(7)     *Name, title and address of representative of applicant to whom correspondence should be sent.*

Karl Morell
Of Counsel
BALL JANIK LLP
Suite 225
655 Fifteenth Street, N.W.
Washington, D.C. 20005

(8)     *List of all United States Postal Service ZIP codes that the line proposed for abandonment traverses.*

The Line traverses U.S. ZIP codes:  61524 and 61531.

(e)     *Rural and community impact.*

(4)     *Statement of whether the properties proposed to be abandoned are appropriate for use for other public purposes, including*

> *roads and highways, other forms of mass transportation,*
> *conservation, energy production or transmission, or recreation.*
> *If the applicant is aware of any restriction on the title to the*
> *property, including any reversionary interest, which would affect*
> *the transfer of title or the use of property for other than rail*
> *purposes, this shall be disclosed.*

The Line traverses predominantly rural areas with more than adequate road and highway networks; therefore, there is little or no likelihood that the rail corridor is needed for transit purposes. The right-of-way between Mileposts 52.2 and 66.7, however, is suitable for recreational trails. Some of the property underlying the right-of-way is reversionary, which would affect the transfer of the property for other than rail or rail-banking purposes.

**4.    *The level of labor protection.***

The interests of railroad employees who may be adversely affected by the proposed abandonment will be adequately protected by the labor protective conditions in *Oregon Short Line R. Co. – Abandonment – Goshen*, 360 I.C.C. 91 (1979).

**5.    *Certification.***

Certificates of compliance with the notice requirements of 49 C.F.R. §§ 1152.50(d)(1) and 1105.12 are attached as **Exhibit C**.

STB000070

6.    ***Environmental Report.***

The Environmental Report containing information required by 49 C.F. R. § 1105.7(e) is attached hereto as **Exhibit D**.   Based on information in our possession, the Line does not contain federally granted rights-of-way.   Any documentation in BNSF's possession will be made available promptly to those requesting it.

7.    ***Historic Report.***

The Historic Report containing information required by 49 C.F.R. § 1105.8 is attached hereto as **Exhibit D**.

Respectfully submitted,

*Karl Morell*

**Tyler White**                                         **Karl Morell**
Assistant General Attorney                   Of Counsel
BNSF Railway Company                      BALL JANIK LLP
2500 Lou Menk Drive, AOB-3              Suite 225
Fort Worth, Texas 76131-2828             655 Fifteenth Street, N.W.
(817) 352-2687                                      Washington, D.C. 20005
                                                             (202) 638-3307

Dated: January 4, 2013

**EXHIBIT A**

**VERIFICATION AND CERTIFICATION THAT RAIL LINE MEETS
CRITERIA OF 49 C.F.R. SECTION 1152.50(b)**

| | | |
|---|---|---|
| **STATE OF TEXAS** | ) | |
| | ) | **ss.** |
| **TARRANT COUNTY** | ) | |

I, Michael Yuen, being duly sworn depose and state that I am Manager Network Strategy for BNSF Railway Company ("**BNSF**"), that I am authorized to make this verification and that I have read the foregoing Notice of Exemption and know the facts asserted therein are true and accurate as stated to the best of my knowledge, information and belief.

I hereby certify that no local traffic has been handled to or from any customer over the rail line located between Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline, Fulton County, Illinois ("the **Line**") for at least two years. Also, no overhead traffic has been handled on the Line for at least two years. Further, no formal complaint filed by a user of rail service on the Line (or a State or local government entity acting on behalf of such user) regarding cessation of service over the Line either is pending with the Surface Transportation Board or any U.S. District Court or has been decided in favor of a complainant within the two-year period.

STB000072

The foregoing certification is made on behalf of BNSF by the undersigned after due and careful investigation of the matters herein certified and based on the best of the knowledge, information and belief of the undersigned.

Michael Yuen
Manager Network Strategy

SUBSCRIBED AND SWORN TO before me this third day of January, 2013.

My Commission Expires: _____

BETH HARNISH
Notary Public, State of Texas
My Commission Expires
August 13, 2015

Notary Public

8                                              *STB Docket No. AB 6 (Sub. No. 486X)*

STB000073

Base Map | Imagery | Blank

✓ Show Labels

STB000074

EXHIBIT B

## EXHIBIT C

## CERTIFICATE OF SERVICE

Pursuant to 49 C.F.R. § 1152.50(d)(1), the undersigned hereby certifies that notice of the proposed abandonment in Docket No. AB 6 (Sub-No. 486X) was mailed via first class mail on December 20, 2012, to the following parties:

**State Public Service Commission**

> Illinois Commerce Commission
> 527 East Capitol Avenue
> Springfield, Illinois 62701

**Military Traffic Management Command**

> MTMCTEA
> ATTN: SDTE-SE
> Railroads for National Defense
> 709 Ward Drive, Building 1990
> Scott AFB, IL 62225-5357

**National Park Service**

> U.S. Department of the Interior
> National Park Service
> Recreation Resources Assistance Division
> 1849 C Street, NW
> Washington, DC 20240-0001

> Mr. Michael Reynolds, Regional Dir.
> Midwest Region
> National Park Service
> 601 Riverfront Drive
> Omaha, NE 68102-4226

**U.S. Department of Agriculture**

> U.S. Department of Agriculture
> Chief of the Forest Service
> 4th Floor N.W., Yates Building
> 201 14th Street, SW
> Washington, DC 20250

Dated: January 4, 2013

_Karl Morell_

Karl Morell

## CERTIFICATE OF PUBLICATION

The undersigned hereby certifies that notice of the proposed abandonment in Docket No. AB 6 (Sub-No. 486X) was published on December 26, 2012, in the Fulton Democrat, a newspaper of general circulation in Fulton County, Illinois as required by 49 C.F.R. § 1105.12.

Dated:  January 4, 2013

_____
Karl Morell

STB000076

## CERTIFICATE OF SERVICE
## ENVIRONMENTAL AND HISTORIC REPORTS

The undersigned hereby certifies that, in Docket No. AB 6 (Sub-No. 486X) the transmittal letter required by 49 C.F.R § 1105.11, was mailed to all agencies listed in 49 C.F.R. § 1105.7(b), as well as the additional agencies listed below via first class mail on November 29, 2012.

Pursuant to the requirements of 49 C.F.R. § 1105.7 and 1105.8, the undersigned hereby certifies that copies of the Environmental and Historic Reports were mailed via first class mail on November 29, 2012 to the following agencies:

Ms. Victoria Rutson
Chief, Section of Environmental Analysis
Surface Transportation Board
395 E Street S.W.
Washington, DC 20423-0001

U.S. Department of the Interior
Bureau of Land Management
Northeastern States Field Office
626 E. Wisconsin Ave., Suite 200
Milwaukee, Wisconsin 53202-4617

City of Dunfermline
City Hall
709 Center Street
Dunfermline, IL 61524

City of Farmington
City Hall
322 E Fort St
Farmington, IL 61531

Fulton County
Office of Planning and Zoning
700 E. Oak Street
Canton, Illinois 61520

The National Geodetic Survery
Department of Commerce/NOAA
SSMC3
Station 9356
1315 East West Highway
Silver Spring, MD 20910

Illinois Office of Water Resources
160 N. LaSalle St., Suite S-700
Chicago, Illinois 60601

US EPA Region 5
Attn: Ken Westlake
Ralph Metcalfe Federal Building
77 West Jackson Blvd.
Chicago, IL 60604-3590

U.S. Fish and Wildlife Service
Chicago Illinois Field Office
1250 South Grove, Suite 103
Barrington, Illinois 60010

Mr. Michael Reynolds, Regional Director
Midwest Region
National Park Service
601 Riverfront Drive
Omaha, NE 68102-4226

NRCS Illinois State Office
2118 W. Park Court
Champaign, Illinois 61821

Director and Program Administration
Illinois Historic Preservation Agency
Old State-Journal Register Building
313 South Sixth Street
Springfield, IL 62701

STB000077

US Army Corps of Engineers, Rock Island
ATTN: Regulatory Branch
Clock Tower Building
Post Office Box 2004
Rock Island, Illinois  61204-2004

Illinois Commerce Commission
527 East Capitol Avenue
Springfield, Illinois  62701

Illinois Department of Transportation
2300 S. Dirksen Parkway
Springfield, IL  62764

Dated: January 4, 2013

_____
Karl Morell

*STB Docket No. AB 6 (Sub. No. 486X)*

STB000078



655 Fifteenth Street, NW, Suite 225
Washington, DC 20005

balljanik.com

t 202.638.3307
f 202.783.6947

November 29, 2012

Karl Morell
Of Counsel
kmorell@balljanik.com

233417
ENTERED
Office of Proceedings
November 29, 2012
Part of
Public Record

E-FILED

Ms. Victoria Rutson, Esq.
Environmental Analysis Chief
Surface Transportation Board
395 E Street, SW, Room 1106
Washington, DC 20423

Re:   STB Docket No. AB 6 (Sub-No. 486X), BNSF Railway
      Company -- Abandonment Exemption -- In Fulton County,
      Illinois

Dear Ms. Rutson:

Enclosed for filing are BNSF Railway Company's Environmental and
Historic Reports prepared pursuant to 49 C.F.R. §§1105.7 and
1105.8.

BNSF anticipates filing a Notice of Exemption seeking authority to
abandon the 14.5-mile rail line on or after December 19, 2012.

Sincerely,

*Karl Morell*

Karl Morell
Of Counsel

BEFORE THE

SURFACE TRANSPORTATION BOARD

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY | ) | |
| ABANDONMENT EXEMPTION | ) | DOCKET NO. AB 6 |
| IN FULTON COUNTY, | ) | (SUB-NO. 486X) |
| ILLINOIS | | |

ENVIRONMENTAL AND HISTORIC REPORTS

**BNSF RAILWAY COMPANY**
2650 Lou Menk Drive
P.O. Box 96157
Fort Worth, TX 76161-0057

**Tyler White**
Assistant General Attorney
BNSF Railway Company
2500 Lou Menk Drive, AOB-3
Fort Worth, Texas 76131-2828

**Karl Morell**
Of Counsel
BALL JANIK LLP
Suite 225
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 638-3307

**Service Date**: November 29, 2012

STB000080

## ENVIRONMENTAL REPORT
## (49 C.F.R. § 1105.7)

*(1)*     *Proposed Action and Alternatives.*  *Describe the proposed action, including commodities transported, the planned disposition (if any) of any rail line and other structures that may be involved, and any possible changes in current operations or maintenance practices.  Also describe any reasonable alternatives to the proposed action. Include a readable, detailed map and drawings clearly delineating the project.*

BNSF Railway Company ("BNSF") proposes to abandon the 14.5-mile rail line located between Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline, in Fulton County, Illinois (the "Line").  A map of the project area is attached as **Exhibit A.**

BNSF's salvage process as it relates to this project is as follows:

The proposed abandonment will include the removal of the rails, ties, and bridges.  If the Line is railbanked, the bridges will not be removed.  The railroad right-of-way, ballast and culverts will remain in place.

The salvage process begins with the unbolting of the track materials or rails.  With the use of specialized machinery placed on the railroad right-of-way, the rails and related steel (angle bars, tie plates, spikes, switches and any other metal parts) are removed. Next the wooden ties are raised from the ballast with a tool designed for minimum disruption of ground material.  The ties are separated into three groups as follows:  (1) good quality ties that will be re-used in rail service, (2) landscape-quality ties that will be sold to lumber dealers for landscaping and (3) scrap ties.  Scrap ties are loaded into railcars and shipped by BNSF to an EPA-approved disposal site.

The culverts, ballast and right-of-way will remain intact so as not to alter the prevailing

waterflows along the line.  In addition, BNSF salvage contractors are required to limit their activities to the width of the right-of-way and not to place fills or other material in water bodies, including inland waterways.  When the salvage process is complete, waterflows in the area should not be disrupted.

Finally, road crossings are removed and remediated, then repaved with gravel, asphalt or concrete, as required by governing authority.  Any signals are also dismantled and removed.

BNSF salvage work for abandonments is always performed by experienced rail material salvagers and is generally bid on the open market.  Each salvage contract includes detailed information on any environmental or historical conditions recommended by the Office of Environmental Analysis ("OEA") and imposed by the Surface Transportation Board ("STB") in the final decision.  Completed work is independently inspected by a BNSF roadmaster (or equal representative) to ensure compliance with BNSF standards of quality and all contractual obligations, including STB-imposed conditions, if applicable.

The Line has had no traffic since 2003.  The Line is stub-ended and, therefore, not capable of handling overhead traffic.  Because of the lack of traffic on the Line, only very limited maintenance has been performed on the Line for some time.  Therefore, the proposed abandonment will have no impact on rail freight operations and maintenance practices on the Line.

The only alternative to abandonment would be to not abandon the Line and forego the opportunity costs from salvaging the Line.

*(2)   Transportation System  Describe the effect of the proposed action on regional or local transportation systems and patterns. Estimate the amount of traffic (passenger or freight) that will be diverted to other transportation systems or modes as a result of the proposed action.*

There will be no passenger or freight traffic diverted to other transportation systems as a result of the proposed abandonment.  There has been no local or overhead traffic on this line since 2003.

*(3)   Land Use*

*(i)      Based on consultation with local and/or regional planning agencies and/or review of the official planning documents prepared by such agencies, state whether the proposed action is consistent with existing land use plans. Describe any inconsistencies.*

BNSF believes that the proposed action is consistent with existing land use plans.  BNSF contacted the City of Dunfermline - City Hall, City of Farmington – City Hall, and Fulton County – Office of Planning and Zoning.  As of the date of this Environmental Report, none of these agencies has responded as to whether the proposed action is consistent with existing land use plans.  Copies of the letters are attached as **Exhibit B**.

*(ii)     Based on consultation with the U.S. Soil Conservation Service, state the effect of the proposed action on any prime agriculture land.*

BNSF does not believe that the proposed abandonment will have an adverse effect on prime agriculture land.  BNSF sent a letter to the NRCS Illinois State Office.  Mr. Ivan N. Dozier, State Conservationist, replied in a letter dated September 24, 2012, stating, "Because the proposed track abandonment would be confined to an existing rail corridor, it will have no impact on prime or important farmlands."  A copy of the letter is attached as **Exhibit C**.

4

**(iii)** *If any action affects land or water uses within a designated coastal zone, include the coastal zone information required by § 1105.9.*

BNSF does not believe the proposed abandonment is located within a designated coastal zone. BNSF sent a letter to the Illinois Office of Water Resources. Mr. James P. Casey, Federal Consistency Coordinator, replied in a letter dated October 18, 2012, stating, "I have reviewed your request and have determined that the proposed work will be outside the boundaries of the Illinois Coastal Management Plan (ICMP) and will not affect any coastal use or resource of the ICMP." A copy of the letter is attached as **Exhibit D**.

**(iv)** *If the proposed action is an abandonment, state whether or not the right-of-way is suitable for alternative public use under 49 U.S.C. § 10905 and explain why.*

The proposed abandonment may be suitable for alternative public use. BNSF contacted the City of Dunfermline - City Hall, City of Farmington – City Hall, and Fulton County – Office of Planning and Zoning.

**(4)** *Energy*

**(i)** *Describe the effect of the proposed action on transportation of energy resources.*

The proposed abandonment will have no effect on the transportation of energy resources.

**(ii)** *Describe the effect of the proposed action on recyclable commodities.*

The proposed abandonment will not adversely affect the movement or recovery of recyclable commodities.

**(iii)** *State whether the proposed action will result in an increase or decrease in overall energy efficiency and explain why.*

The proposed action will not result in an increase or decrease in overall energy efficiency as there has been no traffic on the line since 2003.

**(iv)    If the proposed action will cause diversions from rail to motor carriage of more than:**

> **(A)    1,000 rail carloads a year, or**
>
> **(B)    an average of 50 rail carloads per mile per year for any part of the affected line, quantify the resulting net change in the energy consumption and show the data and methodology used to arrive at the figure given.**

The proposed abandonment will not result in a diversion of rail to motor carriage.

**(5)    <u>Air</u>**

> **(i)    If the proposed action will result in either:**
>
> > **(A) an increase in rail traffic of at least 100 percent (measured in gross ton miles annually) or an increase of at least eight trains a day on any segment of the line affected by the proposal, or**
> >
> > **(B) an increase in rail yard activity of at least 100 percent (measured by carload activity), or**
> >
> > **(C) an average increase in truck traffic of more than 10 percent of the average daily traffic or 50 vehicles a day on any affected road segment, quantify the anticipated effect on air emissions.**

The proposed action will not result in meeting or exceeding the specified thresholds for increased rail or truck traffic as outlined in (i) (A), (B) or (C) above.

> **(ii)    If the proposed action affects a class I or nonattainment area under the Clean Air Act, and will result in either:**
>
> > **(A)    an increase in rail traffic of at least 50 percent (measured in gross ton miles annually) or an increase of at least three trains a day on any segment of rail line,**
> >
> > **(B)    an increase in rail yard activity of at least 20 percent (measured**

*by carload activity), or*

*(C)      an average increase in truck traffic of more than 10 percent of the average daily traffic or 50 vehicles a day on a given road segment, then state whether any expected increased emissions are within the parameters established by State Implementation Plan.  However, for a rail construction under 49 U.S.C. § 10901 (or 49 U.S.C. § 10505) or a case involving the reinstitution of service over a previously abandoned line, only the three train a day threshold in this item shall apply.*

The proposed action will not result in meeting or exceeding the specified

thresholds in (ii) (A), (B) or (C) above.

*(iii)     If the transportation of ozone depleting materials (such as nitrogen oxide and Freon) is contemplated, identify: the materials and quantity; the frequency of service; safety practices (including any speed restrictions); the applicant's safety record (to the extent available) on derailments, accidents and spills; contingency plans to deal with accidental spills; and the likelihood of an accidental release of ozone depleting materials in the event of a collision or derailment.*

The proposed abandonment will not affect the transportation of ozone depleting

materials.

*(6)      Noise   If any of the thresholds identified in item (5) (i) of this section are surpassed, state whether the proposed action will cause:*

*(i)       an incremental increase in noise levels of three decibels Ldn or more; or*

*(ii)      an increase to a noise level of 65 decibels Ldn or greater.  If so, identify sensitive receptors (e.g. schools, libraries, hospitals, residences, retirement communities and nursing homes) in the project area and quantify the noise increase for these receptors if the thresholds are surpassed.*

Not applicable.

*(7)      Safety*

*(i)       Describe any effects of the proposed action on public health and safety (including vehicle delay time at railroad crossings).*

This abandonment should have no adverse effect on health or public safety.

There is one (1) active private railroad overpass, two (2) active public railroad overpasses, fifteen (15) private at-grade crossings (9 active and 6 closed), and twenty-four (24) public at-grade crossings (20 active and 4 closed) on the Line.

*(ii)      If hazardous materials are expected to be transported, identify: the materials and quantity; the frequency of service; whether chemicals are being transported that, if mixed, could react to form more hazardous compounds; safety practices (including any speed restrictions); the applicant's safety record (to the extent available) on derailments, accidents and hazardous spills; the contingency plans to deal with accidental spills, and the likelihood of an accidental release of hazardous materials.*

The abandonment will not result in the transportation of hazardous materials.

*(iii)      If there are any known hazardous waste sites or sites where there have been known hazardous material spills on the right-of-way, identify the location of those sites and the types of hazardous materials involved.*

There are no known hazardous waste sites or sites where there have been known hazardous material spills on the right-of-way.

*(8)      Biological Resources*

*(i)      Based on consultation with the U.S. Fish and Wildlife Service, state whether the proposed action is likely to adversely affect endangered or threatened species or areas designated as a critical habitat, and if so, describe the effects.*

BNSF does not believe that the proposed abandonment will have an adverse effect on endangered or threatened species or areas designated as a critical habitat.

BNSF contacted the U.S. Fish and Wildlife Service, Chicago Illinois Field Office,

in reference to this proposed abandonment. As of the date of this Environmental Report, the agency has not replied to BNSF's inquiry. A copy of the letter is attached as **Exhibit E**.

### *(ii)     State whether wildlife sanctuaries or refuges, National or State parks or forests will be affected, and describe any effects.*

BNSF does not believe that any wildlife sanctuaries or refuges, National or State parks or forests will be adversely affected by the proposed abandonment. BNSF contacted the U.S. Department of the Interior, Bureau of Land Management (Northeastern States Field Office) and the National Park Service, Midwest Region. As of the date of this Environmental Report, neither agency has replied to BNSF's inquiry. Copies of the letters are attached as **Exhibit F**.

### *(9)     Water*

### *(i)     Based on consultation with State water quality officials, state whether the proposed action is consistent with applicable Federal, State or local water quality standards. Describe any inconsistencies.*

BNSF sent a letter to the Illinois Office of Water Resources. Mr. James P. Casey, Federal Consistency Coordinator, replied in a letter dated October 18, 2012, stating, "I have reviewed your request and have determined that the proposed work will be outside the boundaries of the Illinois Coastal Management Plan (ICMP) and will not affect any coastal use or resource of the ICMP." A copy of the letter is attached as **Exhibit D**.

BNSF also contacted the US EPA, Region 5 regarding the proposed abandonment. As of the date of this Environmental Report, the agency has not replied to BNSF's inquiry. A copy of the letter is attached as **Exhibit G**.

*(ii)    Based on consultation with the U.S. Army Corps of Engineers, state whether permits under Section 404 of the Clean Water Act (33 U.S.C. § 1344) are required for the proposed action and whether any designated wetlands or 100-year flood plains will be affected. Describe the effects.*

BNSF is confident that no designated wetlands or 100-year flood plains will be adversely affected by the proposed abandonment.  BNSF contacted the Rock Island District of the U.S. Army Corps of Engineers in reference to the proposed abandonment.    Ms. Donna M. Jones, P.E., Chief, Enforcement Section, Regulatory Branch, replied in a letter dated October 29, 2012, stating, "We determined the project as proposed does not require a Department of the Army (DA) Section 404 permit." A copy of the letter is attached as **Exhibit H.**

*(iii)    State whether permits under Section 402 of the Clean Water Act (33 U.S.C. § 1342) are required for the proposed action. (Applicants should contact the U.S. Environmental Protection Agency or the state environmental protection or equivalent agency if they are unsure whether such permits are required).*

BNSF sent a letter to the Illinois Office of Water Resources.  Mr. James P. Casey, Federal Consistency Coordinator, replied in a letter dated October 18, 2012, stating, "I have reviewed your request and have determined that the proposed work will be outside the boundaries of the Illinois Coastal Management Plan (ICMP) and will not affect any coastal use or resource of the ICMP."  A copy of the letter is attached as **Exhibit D.**

BNSF also contacted the US EPA, Region 5 regarding the proposed abandonment.  As of the date of this Environmental Report, the agency has not replied to BNSF's inquiry.  A copy of the letter is attached as **Exhibit G.**

*(10)    Proposed Mitigation.   Describe any actions that are proposed to mitigate*

***adverse environmental impacts, indicating why the proposed mitigation is appropriate.***

BNSF does not expect any adverse environmental impact from the proposed abandonment and, therefore, sees no need for any mitigating actions.   BNSF will, of course, consult (as required) with any recipients of this Environmental Report regarding appropriate mitigation actions and will comply with those mitigation actions required by the Board.

11

# HISTORIC REPORT

## (49 C.F.R. § 1105.8)

*(1)     Proposed Action and Alternatives.   Describe the proposed action, including commodities transported, the planned disposition (if any) of any rail line and other structures that may be involved, and any possible changes in current operations or maintenance practices.   Also describe any reasonable alternatives to the proposed action. Include a readable, detailed map and drawings clearly delineating the project.*

BNSF Railway Company ("BNSF") proposes to abandon the 14.5-mile rail line located between Milepost 52.2 in Farmington and Milepost 66.7 at Dunfermline, in Fulton County, Illinois (the "Line").

BNSF's salvage process as it relates to this project is as follows:

The proposed abandonment will include the removal of the rails, ties, and bridges.  If the Line is railbanked, the bridges will not be removed.  The railroad right-of-way, ballast and culverts will remain in place.

The salvage process begins with the unbolting of the track materials or rails.  With the use of specialized machinery placed on the railroad right-of-way, the rails and related steel (angle bars, tie plates, spikes, switches and any other metal parts) are removed. Next the wooden ties are raised from the ballast with a tool designed for minimum disruption of ground material.  The ties are separated into three groups as follows:  (1) good quality ties that will be re-used in rail service, (2) landscape-quality ties that will be sold to lumber dealers for landscaping and (3) scrap ties.  Scrap ties are loaded into railcars and shipped by BNSF to an EPA-approved disposal site.

12

STB000091

The culverts, ballast and right-of-way will remain intact so as not to alter the prevailing waterflows along the line.  In addition, BNSF salvage contractors are required to limit their activities to the width of the right-of-way and not to place fills or other material in water bodies, including inland waterways.  When the salvage process is complete, waterflows in the area should not be disrupted.

Finally, road crossings are removed and remediated, then repaved with gravel, asphalt or concrete, as required by governing authority.  Any signals are also dismantled and removed.

BNSF salvage work for abandonments is always performed by experienced rail material salvagers and is generally bid on the open market.  Each salvage contract includes detailed information on any environmental or historical conditions recommended by the Office of Environmental Analysis ("OEA") and imposed by the Surface Transportation Board ("STB") in the final decision.  Completed work is independently inspected by a BNSF roadmaster (or equal representative) to ensure compliance with BNSF standards of quality and all contractual obligations, including STB-imposed conditions, if applicable.

The Line has had no local traffic since 2003.  The Line is stub-ended and, therefore, not capable of handling overhead traffic.  Because of the lack of traffic on the Line, only very limited maintenance has been performed on the Line for some time.  Therefore, the proposed abandonment will have no impact on rail freight operations and maintenance practices on the Line.

The only alternative to abandonment would be to not abandon the Line and forego the opportunity costs from salvaging the Line.

13

**HISTORIC REPORT**

*1.      A U.S.G.S. topographic map (or an alternate map drawn to scale and sufficiently detailed to show buildings and other structures in the vicinity of the proposed action) showing the location of the proposed action, and the locations and approximate dimensions of railroad structures that are 50 years old or older and are part of the proposed action.*

The required topographic map is attached to this Report as **Exhibit A**.

*2.      A written description of the right-of-way (including approximate widths, to the extent known), and the topography and urban and/or rural characteristics of the surrounding area*

The subject Line extends approximately 14.5 miles between Milepost 52.2 in Farmington and Milepost 66.7 in Dunfermline, in Fulton County, Illinois.  The rural right-of-way is generally 70 to 100 feet wide and 100 to 250 feet wide in station ground (urban) areas.  There are no federally granted rights of way involved.

*3.      Good quality photographs (actual photographic prints, not photocopies) of railroad structures on the property that are 50 years old or older and of the immediately surrounding area.*

The following two bridges, 50 years old or older, are located on the Line and may also be removed, unless the Line is railbanked:

    1)  Milepost 52.81 – 55' long, 20' high, thru plate girder, built in 1912
    2)  Milepost 52.86 – 100' long, 13' high, stone arch, built in 1860

See **Exhibit I**, attached photographs.

*4.      The date(s) of construction of the structure(s), and the date(s) and extent of any major alterations, to the extent such information is known.*

The following two bridges, 50 years old or older, are located on the Line and may also be removed, unless the Line is railbanked:

    1)  Milepost 52.81 – 55' long, 20' high, thru plate girder, built in 1912
    2)  Milepost 52.86 – 100' long, 13' high, stone arch, built in 1860

STB000093

See **Exhibit I**, attached photographs.

5.     *A brief narrative history of carrier operations in the area, and an explanation of what, if any, changes are contemplated as a result of the proposed action.*

On February 11, 1853, originally chartered under the name of Macomb, Vermont and Bath, it changed its name to The Peoria and Hannibal Railroad Company ("PHRR") on February 24, 1854.  On June 1, 1899, PHRR was deeded to Chicago, Burlington & Quincy Railroad Company ("CB&Q").  On June 10, 1896, the Jacksonville and Saint Louis Railway Company ("JSLR") was incorporated in Illinois.  On July 1, 1905, JSLR was deeded to CB&Q.  On March 2, 1970, CB&Q merged into the Great Northern Pacific and Burlington Line, Inc., pursuant to an Agreement of Merger dated as of January 26, 1961 ("Burlington Merger Agreement").  A Certificate of Amendment of Certificate of Incorporation of Great Northern Pacific and Burlington Lines, Inc., dated February 12, 1970, was filed in the office of the Secretary of State of Delaware on March 2, 1970, and the name of the company changed to Burlington Northern Inc. ("BNI").  BNI changed its name to Burlington Northern Railroad Company ("BNRR") in 1981.  BNRR merged with The Atchison, Topeka and Santa Fe Railway Company in 1996 to become The Burlington Northern and Santa Fe Railway Company, which name was changed to BNSF Railway Company in 2005.

6.     *A brief summary of documents in the carrier's possession, such as engineering drawings, that might be useful in documenting a structure that is found to be historic.*

Documents in BNSF's possession concerning this abandonment may include alignment maps showing the right-of-way and/or station maps.  These documents are too large for practical reproduction in this report, but can be furnished upon request, if they are available.

15

STB000094

7.   *An opinion (based on readily available information in the railroad's possession) as to whether the site and/or structures meet the criteria for listing on the National Register of Historic Places (36 CFR 60.4), and whether there is a likelihood of archeological resources or any other previously unknown historic properties in the project area, and the basis for these opinions (including any consultations with the State Historic Preservation Office, local historical societies or universities).*

BNSF contacted the Illinois Historic Preservation Agency ("SHPO") in reference to the proposed abandonment.   By letter dated October 26, 2012, Anne E. Haaker, Deputy State Historic Preservation Officer, stated, "On November 8, 2005, this agency determined that the stone arch bridge located at Milepost 52.86 was eligible for listing in the National Register of Historic Places.  A copy of the 2005 letter and a sample preservation covenant are included with this correspondence." The letter is attached as **Exhibit J.**

8.   *A description (based on readily available information in the railroad's possession) of any known prior subsurface ground disturbance or fill, environmental conditions (naturally occurring or manmade) that might affect the archeological recovery of resources (such as swampy conditions or the presence of toxic wastes), and the surrounding terrain.*

The Line was disturbed during original construction by cuts and fill and any archaeological resources that may have been located in the proposed project area would have been affected at that time.  Our records do not indicate any environmental conditions that might affect the archaeological recovery of resources.

9.   *Within 30 days of receipt of the historic report, the State Historic Preservation Officer may request the following additional information regarding specific non railroad owned properties or groups of properties immediately adjacent to the railroad right-of-way:  photographs of specified properties that can be readily seen from the railroad right-of-way (or other public rights-of-way adjacent to the property) and a written description of any previously discovered archeological sites, identifying the location and type of the site (i.e. prehistoric or native American).*

If any additional information is requested, BNSF will promptly supply the necessary information.

STB000095

A

STB000096



STB000097

B

STB000098



United States Department of Agriculture

**NRCS**

Natural Resources Conservation Service
2118 West Park Court
Champaign, IL 61821
Phone: 217/353-6600
Fax: 217/353-6676

September 24, 2012

Mr. John A. Sims, Paralegal
BNSF Railway
2500 Lou Menk Drive—AOB-3
Fort Worth TX 76131-2828

RE:  STB Docket No. AB 6 (Sub-No. 486X); BNSF Railway Company – Abandonment
Exemption – in Fulton County, Illinois

Dear Mr. Sims:

We have reviewed the proposed project as requested.

Because the proposed track abandonment would be confined to an existing rail corridor, it will
have no impact on prime or important farmlands.

Sincerely,

IVAN N. DOZIER
State Conservationist

cc:
Tessa Chadwick, ASTC, USDA-NRCS, 233 South Soangetaha Road, Galesburg, IL 61401
Kim Smail, District Conservationist, USDA-NRCS, 15381 N. State Hwy 100, Lewiston, IL 61542
Gary Struben, State Soil Scientist, USDA-NRCS, 2118 W. Park Court, Champaign, IL 61821

STB000099

D

STB000100



**Illinois Department of**
**Natural Resources**

Pat Quinn, Governor
Marc Miller, Director

One Natural Resources Way   Springfield, Illinois 62702-1271
http://dnr.state.il.us

Office of Water Resources, Michael A. Bilandic Building, 160 N. LaSalle Street, Suite S-703
Chicago, IL  60601         Phone:  312/793-3123              Fax:  312/793-5968

October 18, 2012

Mr. John A. Sims
BNSF Railway Company
2500 Lou Menk Drive – AOB-3
Fort Worth, TX 76131-2828

RE:    Illinois Coastal Management Plan, Federal Consistency Determination

Dear Mr. Sims:

According to your letter dated September 13, 2012 BNSF Railway proposes to abandon 14.5
miles of rail line in Fulton County, IL between Milepost 52.2 in Farmington and Milepost 66.7 in
Dunfermline and would like a Federal Consistency Determination.  I have reviewed your request
and have determined that the proposed work will be outside the boundaries of the Illinois
Coastal Management Plan (ICMP) and will not affect any coastal use or resource of the ICMP.
Therefore, the proposed railroad abandonment is Federally Consistent with the enforceable
policies of the Illinois Coastal Management Plan.

If you have any questions, feel free to contact me at (312) 793-5947 or
james.casey@illinois.gov.

Sincerely,

James P. Casey
Federal Consistency Coordinator

STB000101

E

STB000102



**DEPARTMENT OF THE ARMY**
CORPS OF ENGINEERS, ROCK ISLAND DISTRICT
PO BOX 2004 CLOCK TOWER BUILDING
ROCK ISLAND, ILLINOIS  61204-2004

REPLY TO
ATTENTION OF

October 29, 2012

Operations Division

CEMVR-OD-P-2012-1503

John Sims, CP
BNSF Railway Company
2500 Lou Menk Drive – AOB-3
Fort Worth, Texas  76131-2828

Dear Mr. Sims:

Our office reviewed the letter received, September 27, 2012, concerning the abandonment of STB Docket No. AB 6 (Sub-No. 486X) to include abandonment of 14.5 miles of rail line between Milepost 52.2 in Farmington, IL and Milepost 66.7 in Dunfermlin, Illinois in Fulton County, Illinois.

We determined the project as proposed does not require a Department of the Army (DA) Section 404 permit.  The decision regarding this action is based on information found in the administrative record which documents the District's decision-making process, the basis for the decision, and the final decision.  No indication of discharge of dredged or fill material was found to occur in waters of the United States (including wetlands).  Therefore, this determination resulted.

Please contact our office if the project plans change and there is a potential for impacts of dredged or fill material into Corps' regulated waters, which will require a Department of the Army 404 permit.

You are advised that this determination for the project is valid for five years from the date of this letter.  If the project is not completed within this five-year period or your project plans change, you should contact our office for another determination.

Although an individual DA permit will not be required for the project, this does not eliminate the requirement that you must still acquire other applicable Federal, state, and local permits.

The Rock Island District Regulatory Branch is committed to providing quality and timely service to our customers.  In an effort to improve customer service, please take a moment to complete the attached postcard and return it or go to our Customer Service Survey found on our web site at http://per2.nwp.usace.army.mil/survey.html.  (Be sure to select "Rock Island District" under the area entitled: Which Corps office did you deal with?

Should you have any questions, please contact our Regulatory Branch by letter, telephone or email to Mrs. Kirsten Brown at 309/794-5104 or Kirsten.L.Brown@usace.army.mil.

Sincerely,

Donna M. Jones, P.E.
Chief, Enforcement Section
Regulatory Branch

STB000103

-2-

Enclosures

Copies Furnished:  (w/o enclosures)

Mr. Mike Diedrichsen, P.E.
Office of Water Resources
IL Department of Natural Resources
One Natural Resources Way
Springfield, Illinois  62701-1271

Mr. Dan Heacock
Illinois Environmental Protection Agency
Watershed Management Section, Permit Sec. 15
1021 North Grand Avenue East
Post Office Box 19276
Springfield, Illinois  62794-9276
Epa.401.bow@illinois.gov (email copy)

STB000104

STB000105

# Illinois Historic
# Preservation Agency

FAX (217) 782-8161

1 Old State Capitol Plaza • Springfield, Illinois 62701-1512 • www.illinois-history.gov

Fulton County
Farmington to Dunfermline
    Railway Abandonment
    Milepost 52.2 in Farmington to Milepost 66.7 in Dunfermline
    STB-AB 6 (Sub-No. 486X)
    IHPA Log #009101512

October 26, 2012

John Sims
BNSF Railway Company
2500 Lou Menk Drive - AOB-3
Ft. Worth, TX 76131-2828

Dear Mr. Sims:

Thank you for requesting comments from our office concerning the possible effects of
the project referenced above on cultural resources.  Our comments are required by
Section 106 of the National Historic Preservation Act of 1966 (16 USC 470), as
amended, and its implementing regulations, 36 CFR 800:  "Protection of Historic
Properties".

On November 8, 2005, this agency determined that the stone arch bridge located at
Milepost 52.86 was eligible for listing in the National Register of Historic Places.
A copy of the 2005 letter and a sample preservation covenant are included with this
correspondence.

If you have questions, please contact David J. Halpin, Cultural Resources Manager,
at 217-785-4998.

Sincerely,

*Anne E. Haaker*

Anne E. Haaker
Deputy State Historic
        Preservation Officer

enclosure: 11/8/2005 letter

STB000106

# Illinois Historic
# Preservation Agency

Voice (217) 782-4836
1 Old State Capitol Plaza  •  Springfield, Illinois 62701-1512  •  Teletypewriter Only (217) 524-7128

Fulton County                                                                    www.illinois-history.gov
Farmington
   BNSF Railway Company Abandonment Exemption
   Bridge 52.86 - West side of County Route 24, Over Littlers Creek; Section 11,
   T8N/R4E
   STB-AB-6 (Sub No. 431X)
   IHPA Log #011100405

November 8, 2005

Sidney Strickland
Sidney Strickland and Associates, PLLC
3050 K St. N.W. Ste. 101
Washington, DC 20007-5108

Dear Mr. Strickland:

We have reviewed the documentation provided for the referenced project.  This
property is eligible for listing on the National Register of Historic Places.

In our opinion the project meets the Secretary of the Interior's "Standards for
Rehabilitation and Guidelines for Rehabilitating Historic Buildings" and we concur
in a finding of no adverse effect pursuant to 36 CFR Part 800 to the abandonment of
the property provided that the following conditions are met:

   A preservation covenant (sample attached) is attached to Bridge 52.86.  Our
   office should be provided with a draft of the covenant for approval and a copy
   of the recorded document.

Notifying our office of agreement with these conditions and their subsequent
implementation constitutes compliance with Section 106 of the National Historic
Preservation Act of 1966, as amended.

If you have any questions, please contact Cody Wright, Cultural Resource Manager,
Illinois Historic Preservation Agency, 1 Old State Capitol Plaza, Springfield, IL
62701, 217/785-3977.

Sincerely,

Anne E. Haaker
Deputy State Historic
     Preservation Officer

STB000107

# DRAFT PRESERVATION COVENANT LANGUAGE

In consideration of the conveyance of certain real property, [address of property] in the city of ( ) of the County ( ), State of Illinois and legally defined as (insert legal description):

(1) The grantee hereby covenants on behalf of itself, its heirs, successors and assigns at all time to restore, maintain and preserve this property in accordance with the recommended approaches of the "Secretary of the Interior's Standards for Rehabilitation ad Guidelines for Rehabilitating Historic buildings" (National Park Service, 1989) in order to preserve those qualities that make this property eligible for listing on the National Register of Historic Places.

(2) No construction, alteration or rehabilitation shall be undertaken or permitted to be undertaken that would affect the historic features of the property without consultation with and the express permission of the Illinois Historic Preservation Agency (IHPA) or a fully authorized representative thereof.

(3) The IHPA shall be permitted at all reasonable times to inspect the property in order to ascertain if the above conditions are being met.

(4) In the event of a violation of this covenant, and in addition to any remedy now or hereafter provided by law, the IHPA may, following reasonable notice to the grantee, institute suit to enjoin said violation or to require the restoration of the property.

(5) This covenant is binding on the grantee, its heirs, successors and assigns in perpetuity. All stipulations and covenants contained herein shall be inserted by the grantee verbatim or by express reference in any deed or other legal instrument by which the grantee divests itself of any interest in the property or any part thereof.

(6) The failure of the IHPA to exercise any right or remedy granted under this instrument shall not have the effect of waiving or limiting the exercise of any other right or remedy or use of such right or remedy at any other time.

(7) This covenant shall be a binding servitude upon the property and shall be deemed to run with the land. Execution of this covenant shall constitute conclusive evidence that the grantee agrees to be bound by the foregoing conditions and restrictions and to perform to obligations herein set forth.

(8) The IHPA may, for good cause, modify or cancel any or all of the foregoing restrictions upon application of the grantee, its heirs, successors or assigns.

Signatures required

STB000108



655 Fifteenth Street, NW, Suite 225
Washington, DC 20005
balljanik.com
t 202.638.3307
f 202.783.6947

236047

May 15, 2014

ENTERED
Office of Proceedings
May 15, 2014
Part of
Public Record

Karl Morell
Of Counsel
kmorell@balljanik.com

E-Filed

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, SW
Washington, DC 20423

Re:  Docket No. AB 6 (Sub-No. 486X), BNSF Railway Company --
     Abandonment Exemption -- in Fulton County, IL

Dear Ms. Brown:

This is in response to the request dated May 15, 2014, by the
Canton Park District, for an extension of the Notice of Interim Trail
Use ("NITU"), issued by the Surface Transportation Board ("Board")
in the above-referenced proceeding.

BNSF Railway Company ("BNSF") hereby notifies the Board that
BNSF does not object to the requested extension of the NITU.

If you have any questions, please call me.

Sincerely,

Karl Morell
Of Counsel

cc: Jon E. Johnson, MPA, CPRP

1

STB000159



# **Canton Park District**

250 South Avenue D
Canton, Illinois 61520-1698
309/ 647-1345        Fax: 309/ 647-2463

May 15, 2014                    236046

Cynthia Brown
Chief, Section of Administration              **ENTERED**
Surface Transportation Board          **Office of Proceedings**
Office of Proceedings                   **May 15, 2014**
395 E Street, S.W.                        **Part of**
Washington, DC 20423-0001              **Public Record**

Re: BNSF Railway Company Abandonment in Fulton County, Illinois, STB Docket No. AB 6
(Sub-No. 486X)

Dear Ms. Brown:

This request is filed on behalf of the Canton Park District, which is a unit of local government in
the State of Illinois. The Canton Park District petitions the Surface Transportation Board
("Board") to extend the time period for negotiation of a mutually acceptable interim trail
use/railbanking agreement in this proceeding up to and including November 22, 2014.

The Canton Park District has been negotiating with BNSF, but the parties need additional time to
continue and complete negotiations.

To successfully preserve this corridor for interim trail use and railbanking, it is necessary for the
negotiation period under NITU to be extended up to and including November 22, 2014. Thank
you for your consideration on this matter.

Respectfully Submitted,

Jon E. Johnson, MPA, CPRP
On Behalf of the Canton Park District

cc:    Karl Morell, Ball Janik, LLB
       Tyler White, BNSF Railway Company

# FILING FEE WAIVED

**COMMISSIONERS**
Dr. William R. Buckley · Marion M. Kuzniar · Kevin R. Stephenson · Susan L. Walters · Brent C. Walters

Director: Jon E. Johnson · Supt. of Parks: Matt W. Murphy · Facility Manager: Billie J. McKenzie · Legal Counsel: Claudon, Kost, Beal, Walters & Lane, Ltd.

STB000160
1



# Canton Park District

250 South Avenue D
Canton, Illinois 61520-1698
309/ 647-1345        Fax: 309/ 647 2463

November 15, 2013

235084

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, S.W.
Washington, DC 20423-0001

ENTERED
Office of Proceedings
November 15, 2013
Part of the Public
Record

Re: BNSF Railway Company Abandonment in Fulton County, Illinois, STB Docket No. AB 6
(Sub-No. 486X)

Dear Ms. Brown:

This request is filed on behalf of the Canton Park District, which is a unit of local government in
the State of Illinois. The Canton Park District petitions the Surface Transportation Board
("Board") to extend the time period for negotiation of a mutually acceptable interim trail
use/railbanking agreement in this proceeding up to and including May 22, 2014.

The Canton Park District has been negotiating with BNSF, but the parties need additional time to
continue and complete negotiations.

To successfully preserve this corridor for interim trail use and railbanking, it is necessary for the
negotiation period under NITU to be extended up to and including May 22, 2014. Thank you for
your consideration on this matter.

Respectfully Submitted,

Jon E. Johnson, MPA, CPRP
On Behalf of the Canton Park District

cc:    Karl Morell, Ball Janik, LLB
       Tyler White, BNSF Railway Company

DECISION ID NO.: 43466
DECIDED DATE: 11/22/13
SERVICE DATE: 11/25/13
APPROVED: Rachel Campbell
Director

Office of
Proceedings

☑ extended to 5/22/14.

GRANTED

# FILING FEE WAIVED

COMMISSIONERS



# Canton Park District

250 South Avenue D
Canton, Illinois 61520-1698
309/ 647-1345     Fax: 309/ 647-2463

May 15, 2014

236046

ENTERED
Office of Proceedings
May 15, 2014
Part of
Public Record

GRANTED

Office of
Proceedings

DECISION ID NO.: 43810

DECIDED DATE: 5/21/14

SERVICE DATE: 5/22/14

APPROVED: Rachel D Campbell
Director

☑ extended to 11/22/14

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, S.W.
Washington, DC 20423-0001

Re: BNSF Railway Company Abandonment in Fulton County, Illinois, STB Docket No. AB 6
(Sub-No. 486X)

Dear Ms. Brown:

This request is filed on behalf of the Canton Park District, which is a unit of local government in
the State of Illinois. The Canton Park District petitions the Surface Transportation Board
("Board") to extend the time period for negotiation of a mutually acceptable interim trail
use/railbanking agreement in this proceeding up to and including November 22, 2014.

The Canton Park District has been negotiating with BNSF, but the parties need additional time to
continue and complete negotiations.

To successfully preserve this corridor for interim trail use and railbanking, it is necessary for the
negotiation period under NITU to be extended up to and including November 22, 2014. Thank
you for your consideration on this matter.

Respectfully Submitted,

Jon E. Johnson, MPA, CPRP
On Behalf of the Canton Park District

cc:     Karl Morell, Ball Janik, LLB
        Tyler White, BNSF Railway Company

# FILING FEE WAIVED

COMMISSIONERS

Dr. William R. Buckley   Warren M. Huizner   Kevin H. Stephenson   Susan L. Watters   Brent C. Wheeler



# Canton Park District

250 South Avenue D
Canton, Illinois 61520-1698
309/ 647-1345      Fax: 309/ 647-2463

November 17, 2014

237056

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, S.W.
Washington, DC 20423-0001

ENTERED
Office of Proceeding
November 17, 2014
Part of
Public Record

Re: BNSF Railway Company Abandonment in Fulton County, Illinois, STB Docket No. AB 6
(Sub-No. 486X)

Dear Ms. Brown:

This request is filed on behalf of the Canton Park District, which is a unit of local government in
the State of Illinois. The Canton Park District petitions the Surface Transportation Board
("Board") to extend the time period for negotiation of a mutually acceptable interim trail
use/railbanking agreement in this proceeding up to and including May 22, 2015.

The Canton Park District has been negotiating with BNSF, but the parties need additional time to
continue and complete negotiations.

To successfully preserve this corridor for interim trail use and railbanking, it is necessary for the
negotiation period under NITU to be extended up to and including May 22, 2015. Thank you for
your consideration on this matter.

Respectfully Submitted,

Jon E. Johnson, MPA, CPRP
On Behalf of the Canton Park District

cc:    Karl Morell, Ball Janik, LLB
       Tyler White, BNSF Railway Company

## FILING FEE WAIVED

COMMISSIONERS
Dr. William A. Buckley · Marion M. Kuzniar · Kevin A. Stephenson · Susan L. Walters · Brent

Director: Jon E. Johnson · Supt. of Parks: Matt W. Murphy · Facility Manager: Billie J. McKenzie · Legal Counsel: Claudon, Kost, Beal, Walters & Lane, Ltd.



655 Fifteenth Street, NW, Suite 225
Washington, DC 20005

balljanik.com

t 202.638.3307
f 202.783.6947

ENTERED
Office of Proceedings
November 18, 2014
Part of
Public Record

November 18, 2014

Karl Morell
Of Counsel
kmorell@balljanik.com

E-Filed

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, SW
Washington, DC 20423

Re:   Docket No. AB 6 (Sub-No. 486X), BNSF Railway Company --
      Abandonment Exemption -- in Fulton County, IL

Dear Ms. Brown:

This is in response to the request dated November 17, 2014, by the
Canton Park District, for an extension of the Notice of Interim Trail
Use ("NITU"), issued by the Surface Transportation Board ("Board")
in the above-referenced proceeding.

BNSF Railway Company ("BNSF") hereby notifies the Board that
BNSF does not object to the requested extension of the NITU.

If you have any questions, please call me.

Sincerely,

Karl Morell

Karl Morell
Of Counsel

cc: Jon E. Johnson, MPA, CPRP

1

STB000164



# Canton Park District

250 South Avenue D
Canton, Illinois 61520-1698
309/ 647-1345          Fax: 309/ 647-2463

November 17, 2014

237056

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, S.W.
Washington, DC 20423-0001

ENTERED
Office of Proceeding
November 17, 2014
Part of
Public Record

Re: BNSF Railway Company Abandonment in Fulton County, Illinois, STB Docket No. AB 6
(Sub-No. 486X)

Dear Ms. Brown:

This request is filed on behalf of the Canton Park District, which is a unit of local government in
the State of Illinois. The Canton Park District petitions the Surface Transportation Board
("Board") to extend the time period for negotiation of a mutually acceptable interim trail
use/railbanking agreement in this proceeding up to and including May 22, 2015.

The Canton Park District has been negotiating with BNSF, but the parties need additional time to
continue and complete negotiations.

To successfully preserve this corridor for interim trail use and railbanking, it is necessary for the
negotiation period under NITU to be extended up to and including May 22, 2015. Thank you for
your consideration on this matter.

Respectfully Submitted,

*Jon E. Johnson*

Jon E. Johnson, MPA, CPRP
On Behalf of the Canton Park District

cc:    Karl Morell, Ball Janik, LLB
       Tyler White, BNSF Railway Company

| | |
|---|---|
| **GRANTED** | DECISION ID NO.: 44123 |
| Office of Proceedings | DECIDED DATE: 11/24/14 |
| | SERVICE DATE: 11/25/14 |
| | APPROVED: *Rachel Campbell* **Director** |
| | ☑ extended to 5/22/15. |

## FILING FEE WAIVED

COMMISSIONERS
Dr William R. Buckley   Marion M. Kuzniar   Kevin R. Stephenson   Susan L. Walters   Brent C. Wheeler

Director: Jon E. Johnson   Supt. of Parks: Matt W. Murphy   Facility Manager: Billie J. McKenzie   Legal Counsel: Claudon, Kost, Beal, Walters & Lane, Ltd

I

STB000165



# Canton Park District

250 South Avenue D
Canton, Illinois 61520-1698
309/ 647-1345      Fax: 309/ 647-2463

May 18, 2015

238410

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, S.W.
Washington, DC 20423-0001

ENTERED
Office of Proceedings
May 18, 2015
Part of
Public Record

Re: BNSF Railway Company Abandonment in Fulton County, Illinois, STB Docket No. AB 6
(Sub-No. 486X)

Dear Ms. Brown:

This request is filed on behalf of the Canton Park District, which is a unit of local government in
the State of Illinois. The Canton Park District petitions the Surface Transportation Board
("Board") to extend the time period for negotiation of a mutually acceptable interim trail
use/railbanking agreement in this proceeding up to and including November 22, 2015.

The Canton Park District has been negotiating with BNSF, but the parties need additional time to
continue and complete negotiations.

To successfully preserve this corridor for interim trail use and railbanking, it is necessary for the
negotiation period under NITU to be extended up to and including November 22, 2015. Thank
you for your consideration on this matter.

Respectfully Submitted,

*Jon E. Johnson*

Jon E. Johnson, MPA, CPRP
On Behalf of the Canton Park District

cc:     Karl Morell, Ball Janik, LLB

DECISION ID NO.: 44512
DECIDED DATE: 4/4/15
SERVICE DATE: 6/5/2015
APPROVED: *Rachel D Campbell*
Director

**GRANTED**

Office of
Proceedings

☑ *extended to 11/22/15*

FILING FEE WAIVED

1

**COMMISSIONERS**
Dr. William A. Buckley    Marion M. Kuzniar    Kevin A. Stephenson    Susan L. Walters    Brent C. Wheeler

Director: Jon E. Johnson   Supt. of Parks: Matt W. Murphy   Facility Manager: Billie J. McKenzie   Legal Counsel: Claudon, Barnes, Barnes Co., Ltd.

STB000168

**Karl Morell & Associates**
655 15th Street, NW, Suite 225
Washington, DC  20005
(202) 595-9045
karlm@karlmorell.com

238457

ENTERED
Office of Proceedings
May 21, 2015
Part of
Public Record

May 21, 2015

E-Filed

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, SW
Washington, DC 20423

   Re:   Docket No. AB 6 (Sub-No. 486X), BNSF Railway Company -- Abandonment
         Exemption -- in Fulton County, IL

Dear Ms. Brown:

This is in response to the request dated May 18, 2015, by the Canton Park
District, for an extension of the Notice of Interim Trail Use ("NITU"), issued
by the Surface Transportation Board ("Board") in the above-referenced
proceeding.

BNSF Railway Company ("BNSF") hereby notifies the Board that BNSF does
not object to the requested extension of the NITU.

If you have any questions, please call me.

Sincerely,

Karl Morell

Karl Morell

cc: Jon E. Johnson, MPA, CPRP



# Canton Park District

250 South Avenue D
Canton, Illinois 61520-1698
309/ 647-1345        Fax: 309/ 647-2463

May 18, 2015

238410

Cynthia Brown
Chief, Section of Administration
Surface Transportation Board
Office of Proceedings
395 E Street, S.W.
Washington, DC 20423-0001

ENTERED
Office of Proceedings
May 18, 2015
Part of
Public Record

Re: BNSF Railway Company Abandonment in Fulton County, Illinois, STB Docket No. AB 6
(Sub-No. 486X)

Dear Ms. Brown:

This request is filed on behalf of the Canton Park District, which is a unit of local government in
the State of Illinois. The Canton Park District petitions the Surface Transportation Board
("Board") to extend the time period for negotiation of a mutually acceptable interim trail
use/railbanking agreement in this proceeding up to and including November 22, 2015.

The Canton Park District has been negotiating with BNSF, but the parties need additional time to
continue and complete negotiations.

To successfully preserve this corridor for interim trail use and railbanking, it is necessary for the
negotiation period under NITU to be extended up to and including November 22, 2015. Thank
you for your consideration on this matter.

Respectfully Submitted,

Jon E. Johnson, MPA, CPRP
On Behalf of the Canton Park District

cc:    Karl Morell, Ball Janik, LLB

DECISION ID NO.: 44512
DECIDED DATE: 4/4/15
SERVICE DATE: 6/5/2015
APPROVED: Rachel D Campbell
Director

GRANTED

Office of
Proceedings

☑ extended to 11/22/15

FILING FEE WAIVED

**COMMISSIONERS**
Dr. William A. Buckley    Marion M. Kuzniar    Kevin R. Stephenson    Susan L. Walters    Brent C. Wheeler

Director: Jon E. Johnson   Supt. of Parks: Matt W. Murphy   Facility Manager: Billie J. McKenzie   Legal Counsel: Claudon Kost Barnard Kost & Kost, Ltd.

1

STB000168