# In the United States Court of Federal Claims

Nos. 14-21L/16-405L (Consolidated)
(Filed: December 1, 2017)

| | |
|---|---|
| ELLEN AND MARK S. BALAGNA, et al., Plaintiffs, v. THE UNITED STATES OF AMERICA, Defendant. | Keywords: Rails-to-Trails Taking; Motion for Reconsideration; RCFC 59(a). |
| ROBERT AND SUSAN BATTERTON, et al., Plaintiffs, v. THE UNITED STATES OF AMERICA, Defendant. | |

*Mark F.* ("*Thor*") *Hearne, II*, Arent Fox LLP, Washington, DC, with whom were *Meghan S. Largent*, *Lindsay S.C. Brinton*, *Stephen S. Davis*, and *Abram J. Pafford*, for Plaintiffs.

*Sarah Izfar*, Trial Attorney, Natural Resources Section, Environment and Natural Resources Division, U.S. Department of Justice, Washington, DC, with whom was *Jeffrey H. Wood*, Assistant Attorney General, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Judge.**

On October 5, 2017, the Court granted the government's motions for summary judgment as to all the remaining plaintiffs in these consolidated rails-to-trails cases. See Balagna v. United States, --- Fed. Cl. ---, 2017 WL 4416820, at *10 (Oct. 5, 2017). Pursuant to Rules of the Court of Federal Claims (RCFC) 59, Plaintiffs have now moved for reconsideration of the Court's ruling with respect to the claims made by the City of

Canton (City) and the Village of Norris (Village). See Pls' Mot. for Partial Reconsid. of the Court's O. Granting the Gov'ts Mot. for Summ. J. (Pls.' Mot.), ECF No. 133. For the reasons discussed below, Plaintiffs' motion is **DENIED**.

## BACKGROUND

The relevant facts were fully set forth in the Court's October 5, 2017 Opinion, and are restated here only in brief. See Balagna, 2017 WL 4416820, at *2–3. In short, the City and the Village are Illinois municipal corporations that owned land abutting a railroad right-of-way, which was held by the Burlington Northern Santa Fe Railroad Company (BNSF). Id. When BNSF sought to abandon the line, the Canton Parks District (CPD), another Illinois municipal corporation, filed a Request for Public Use Condition and Request for Interim Trail Use (Request) with the Surface Transportation Board (STB), indicating its willingness to assume financial responsibility for the corridor. Id. at *2. STB then issued a Notice of Interim Trail Use (NITU) on May 24, 2013.[1] Id.

Plaintiffs subsequently filed suit in this Court. Id. at *2–3. In their complaints, the City and the Village alleged that the issuance of the NITU effected a taking of their interests in the land underlying the right-of-way. Id. The government then filed partial motions for summary judgment as to the City's and the Village's claims. Id. at *3; see also id. at *9–10. It contended that because the City and the Village, like CPD, were Illinois municipal corporations, and because Illinois retains authority over the use and disposal of its municipal corporations' property, the issuance of the NITU at CPD's behest did not constitute a compensable taking. See id. at *9.

After briefing on the government's partial motions was complete, the Court ordered supplemental briefs from the parties. See Suppl. Briefing Order, ECF No. 92. In that Order, the Court observed that it was unclear whether "Illinois has delegated to park districts like CPD the State's authority (acting through its legislature) to dispose of or interfere with property interests that belong to other municipal corporations, such as the City [and the Village]." Id. at 3. The Court thus asked the parties to brief the issue of "whether and to what extent Illinois law gives park districts the authority to appropriate for their own use land belonging to other municipal corporations." Id.

After receiving the parties' supplemental briefs and hearing oral argument, the Court ultimately granted the government's motions with respect to the City and the Village on grounds that differed somewhat from those it raised in the supplemental briefing order. See Balagna, 2017 WL 4416820, at *9–10. Thus, the Court observed that "the parties do not contest (and the Court assumes) that CPD acted within its statutory authority under Illinois law when it filed the request for public use with the STB." Id. at *10. Further, the Court concluded that when CPD, acting under that authority, "filed the public use request with the STB on the state's behalf, the state effectively consented to the federal government holding the City's and Village's properties for use as a trail." Id.

---

[1] To the Court's knowledge, CPD and BNSF have not yet finalized a trail use agreement. See Balagna, 2017 WL 4416820, at *2.

at *10 & n.10 (citing Carmack v. United States, 329 U.S. 230, 241 n.12 1946)). Accordingly, the Court determined that no compensable taking had occurred. Id.

**DISCUSSION**

Under RCFC 59(a), the Court may grant a motion for reconsideration "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." To meet this standard, a party generally must demonstrate that the court has committed a "manifest error of law[] or mistake of fact." Johnson v. United States, 126 Fed. Cl. 558, 560 (2016) (quoting Bishop v. United States, 26 Cl. Ct. 281, 286 (1992)). Whether to grant reconsideration lies within the sound discretion of the court. See Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

After careful consideration, the Court concludes that Plaintiffs have not demonstrated that the Court committed a manifest error of law or fact in deciding the government's motions. The heart of the Plaintiffs' argument on reconsideration is that the Court erred by assuming that CPD acted within its statutory authority when it filed its Request before STB. See Pls.' Mot. at 2. To the contrary, Plaintiffs argue, they "do contest, and have contested, that Illinois law authorized the Canton Park District to take the City's and Village's property without consent." Id.

The City and Village have misunderstand the reasoning supporting the Court's October 5, 2017 decision. The Court did not conclude that CPD had powers of condemnation under state law that it could have used to obtain property belonging to the City or the Village, nor would it have characterized such a conclusion as "uncontested." Rather, the Court assumed that—irrespective of whether CPD possessed the authority under state law to condemn City or Village property—it did have authority under state law to file a Request for Public Use Condition and Request for Interim Trail Use (Request) with the STB. And in light of the fact that the state may dispose of the property of the Village and the City as it sees fit, the Court concluded that when CPD exercised this authority under state law, it consented on the state's behalf to the taking of the City's and the Village's property by the federal government.

Further, the Court did not err when it stated that Plaintiffs did not previously contest that CPD had the authority under state law to invoke the interim trail use process. Thus, although Plaintiffs' counsel initially responded "absolutely not" when asked at oral argument whether CPD acted within its authority when it filed the Request, she later walked back that statement, observing that Illinois law was "silent" regarding the issue. Tr. of Hearing at 51, 54 (Sept. 20, 2017), ECF No. 135; see also id. at 53 ("I don't know that they're prohibited [from filing the Request], but I don't know that they're allowed.").

Finally, and in any event, the Court agrees with the government that CPD's actions, including its decision to file the Request, are to be accorded a presumption of regularity and that principles of federalism dictate that this Court not referee whether

CPD possessed the authority under state law to file its request with the STB. See The United States' Suppl. Br. in Support of Its Mots. for Partial Summ. J. Against Pls. The City of Canton and The Village of Norris (Def.'s Suppl. Br.) at 5–7, ECF No. 98. To the contrary, issues regarding the relative powers of a state's subdivisions lie within the province of Illinois' state courts. See Wilmette Park Dist. v. Vill. of Wilmette, 490 N.E.2d 1282, 1283 (Ill. 1986); City of Des Plaines v. Metro. Sanitary Dist., 268 N.E.2d 428, 430 (Ill. 1971); Vill. of Schiller Park v. City of Chicago, 186 N.E.2d 343, 345-46 (1962). The Court therefore did not commit error when it presumed for purposes of addressing the question before it that when CPD invoked the rails-to-trails process it acted within the authority it had been delegated by the State of Illinois.

In summary, Plaintiffs' assertion that the Court erred by presuming that CPD acted within its authority under state law when it filed the Request is unpersuasive. Accordingly, the Plaintiffs have not shown that the Court has committed a manifest error of fact or law. Their motion for reconsideration is therefore **DENIED**.

## CONCLUSION

For the reasons discussed above, Plaintiffs' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge